THE STATE OF TEXAS v. EGGERMAN & CO. ET AL.

No. 7408.

1. **Penalties—Jurisdiction of District Court.**—The Constitution of the State provides that District Courts shall have jurisdiction "of all suits in behalf of the State to recover penalties, forfeitures, and escheats." Sec. 8, art. 5. This jurisdiction is not dependent upon the amount in controversy.

2. **Liquor Dealers—Suits on Their Bonds.**—By Act of 1887 (Gen. Laws, p. 59), in addition to civil proceedings for individual injuries brought on a bond of a liquor dealer, if any person, firm, or association of persons shall violate any of the conditions of such bond it shall be the duty of the county and district attorneys, or either of them, to institute suit thereon in the name of the State of Texas for the use and benefit of the county, and the amount of $500 as a penalty shall be recovered from the principal and sureties upon a breach of any of the conditions thereof. Suits for these penalties may be brought in the District Courts.

3. **Recovery for Use of County.**—That the penalty is recovered by the State for the use of the county does not affect the suit as *in behalf of the State.*

APPEAL from Parker.    Tried below before Hon. J. W. Patterson.

This action was brought October 16, 1889, in the District Court of Parker County, by the county attorney of said county, in the name of the State of Texas, for the use and benefit of said county, against appellees Eggerman & Co., dealers in intoxicating liquors in quantities less than a quart, and E. W. Stoutsenberger and J. M. Haman, sureties on the bond of said Eggerman & Co., as such liquor dealers, to recover the statutory penalty of $500 for breach of said bond.

Appellant alleged that Eggerman & Co. were from the 11th of March, 1889, to the filing of the suit engaged in the retail liquor business in Weatherford, Parker County, and as such sold and kept for sale intoxicating liquors in quantities less than a quart; that on March 11, 1889, appellees executed bond in the sum of $5000, payable to the State of Texas, conditioned among other things that the principals therein, Eggerman & Co., would not keep or permit to be kept for profit, amusement, or other purposes, in or about their place of business, any pool table, and that said bond was one required by law and conditioned as the law required; that said bond was duly approved by the county judge of said county and then filed in the office of the county clerk, whereupon said clerk issued to said Eggerman & Co. a license to pursue the occupation of liquor dealers in Weatherford in said county and State, for the year beginning March 11, 1889, and ending March 11, 1890; that said Eggerman & Co., after the execution, approval, delivery, and filing of said bond and procuring said license, and during the time said Eggerman & Co. were engaged in the retail liquor business as aforesaid, did keep and permit to be kept, for profit, amusement, and other purposes, in and about their place of business, a certain pool table, from July 12, 1889, to August 1, 1889.

Prayer for judgment against Eggerman & Co. as principals and Stoutsenberger and Haman as sureties for the penalty of $500, costs, etc.

Appellees filed a plea to the jurisdiction of the court, upon the grounds:

1.   That the amount sued for being precisely $500, the District Court had no jurisdiction.

2.   That it was not a suit in behalf of the State to recover a penalty or forfeiture, etc.

No other answer was filed by appellees.

On December 2, 1889, the cause coming on to be heard, the plea to the jurisdiction was sustained, and judgment entered that the State take nothing by said suit, that said suit be dismissed, and that defendants recover costs, etc.    The State appealed.

*J. S. Hogg*, Attorney-General, *John T. Craddock*, office assistant, and *R. C. McConnell*, county attorney, for appellant.—1. This is a suit in behalf of the State to recover a penalty, and the District Court has

original jurisdiction thereof.    Const. 1876, art. 5, sec. 8;  Rev. Stats., art. 1117; Act March 29, 1887 (Gen. Laws 20th Leg., p. 59); Aulanier v. The Governor, 1 Texas, 654; Act May 13, 1846, secs. 29, 30, p. 357; Tarde v. Benseman, 31 Texas, 277; Pasch. Dig., arts. 5153, 5156.

2.    The mere fact that the recovery, if any, when collected inures to the pecuniary benefit of the county does not alter the fact that the suit is one in behalf of the State to recover a penalty, because all fines, penalties, and forfeitures recoverable under the law, in the name of and at the instance of the State, go to the county.    Rev. Stats., art. 967, subdiv. 2;  Code Crim. Proc., art. 980.

3.    A penalty is a fine, a forfeiture, a sum named in a bond as a forfeit in case the obligor fails to comply with the conditions.    Anderson Law Dic., pp. 763, 764, title "Penalty."

The disposition of the proceeds of the recovery in such a suit does not concern the defendant; the petition need not allege for whose use and benefit the recovery is sought; nor can the question of jurisdiction depend upon the disposition made of the money collected upon the judgment.    Railway v. Humes, 115 U. S., 513, 523;  The State v. Smith, 64 Me., 425;  The State v. Willis, 78 Me., 70; The State v. Thrasher, 79 Me., 17.

STAYTON, CHIEF JUSTICE.—This action was brought by the State of Texas against Eggerman & Co. and the sureties on their bond given as liquor dealers, to recover the penalty prescribed by law for keeping for profit, amusement, or other purposes a pool table at their place of business.    The sum claimed being $500, the District Court held that under the Constitution it had no jurisdiction of the case, and dismissed it.

The Constitution provides that District Courts shall have jurisdiction "of all suits in behalf of the State to recover penalties, forfeitures, and escheats," and this jurisdiction is not dependent on the amount in controversy.

Under the Act approved March 27, 1887, one of the conditions of a liquor dealer's bond is that "he or they will not keep or permit to be kept, for profit, amusement, or other purposes, in or about his or their place of business, any nine or ten pin alley, pool table, bagatelle, pigeon hole, or jenny lind table, nor any other kind of table or device used for games of chance."

The act gives a civil action to any person aggrieved by a violation of the conditions of the bond, and further provides that, "In addition to civil proceedings for individual injuries brought on said bond as above indicated, if any person, firm, or association of persons shall violate any of the conditions of the bond herein required, it shall be the duty of the county and district attorneys, or either of them, to institute suit thereon in the name of the State of Texas, for the use and benefit of the county, and the amount of $500 as a penalty shall be recovered

from the principal and sureties upon a breach of any of the conditions thereof." Gen. Laws 1887, p. 59.

It is contended that this is not a suit in behalf of the State, and this proposition seems to be based on the fact that if the penalty is enforced it will inure to the benefit of Parker County. The word "behalf" means "in the name of," "on account of;" "benefit; advantage; interest; profit; defense; vindication" (Webster); and in any of these senses this is evidently within the meaning of the Constitution a suit in behalf of the State.

That the penalty if recovered will inure to the benefit of a county is a matter of no importance; but if it were necessary to look to the use to which the money would be applied, if collected, in order to determine whether the suit was in behalf of the State, it could not be held that the appropriation made by the statute of sums to be collected as penalties under it was not for the benefit of the State, although to be used in and by one of its municipal subdivisions for purposes in which the people of the State are all more or less interested.

The question involved in this case was decided during the present term of the Court of Appeals, in the case of the State v. Stoutsenberger, in accordance with the views we entertain, and in the opinion in that case will be found a full discussion of the question.

The court below erred in holding that it was without jurisdiction, and its judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 26, 1891.