## THE STATE OF TEXAS v. MIGUEL SAN MIGUEL ET AL.

### No. 256.

1. **District Court Jurisdiction.**—The District Court has jurisdiction of all suits in behalf of the State to recover penalties, forfeitures, etc.

2. **Bond to Keep the Peace.**—In a suit by the State to recover the penalty for a breach of such bond, no error of form will vitiate such bond, and no error in proceedings prior to the execution of the bond shall be available as a defense in an action thereon. The bond will be held valid, and not subject to demurrer unless it contains some error of substance.

ERROR from Maverick. Tried below before Hon. WALTER GILLIS.

*W. L. Evans,* for plaintiff in error.—A peace bond is sufficient if it describes an offense against the laws of this State; and no error of form will vitiate such bond. Code Crim. Proc., art. 96; Penal Code, arts. 484, 496, sec. 7.

*Winchester Kelso,* for defendants in error.

JAMES, CHIEF JUSTICE. — This suit, out of which the writ of error arises, was to recover the penalty of a peace bond given by one Falcon, with defendants in error as his sureties.

The district judge sustained all the exceptions to plaintiff's petition, and on plaintiff's declining to amend, dismissed the case.

The petition alleged, in substance, that on August 19, 1891, a complaint was filed before the county judge of Maverick County against Miguel E. Falcon, charging that he had threatened to do Justina Castro serious bodily injury, and that he was about to make an assault upon her person to inflict upon her serious bodily injury, as he had theretofore done. That on August 20, 1891, by an order of the said county judge, after an investigation of said accusation, the said Miguel E. Falcon was required to enter into a bond in the sum of $200 not to commit said offense, and to keep the peace toward the said Justina Castro for the period of one year from the date of such bond. That at or about that date said Falcon and the defendants executed the bond sued on, whereby the said Falcon, as principal, and M. San Miguel and Louis Ladner, as sureties, jointly and severally acknowledged themselves bound to pay to the State

of Texas the penal sum of $200, conditioned as follows: "That the said Miguel E. Falcon had been accused of having threatened to assault Justina Castro, and to do her bodily injury, and being about to assault her, the said Justina Castro, to do her bodily injury, would not commit such offense, and would keep the peace toward the said Justina Castro and all other persons for the period of one year from the date thereof."

Then follows an allegation, in substance, that on or about February 5, 1892, the said Falcon did make an assault upon said Justina Castro with intent to murder her, etc., and prayer for judgment for the sum of $200.

One of the exceptions was to the jurisdiction of the District Court, on the ground that the amount sued for was $200. The District Court has jurisdiction of all suits in behalf of the State to recover penalties, forfeitures, etc. Acts of 1891, pp. 199, 200.

The answer also contained a general demurrer, and various special demurrers, all seeking to quash the peace bond as the same was alleged in the petition. The grounds specified are, first, that the bond shows on its face that Falcon was bound to appear and answer certain alleged charges, neither of which constitutes an offense against the laws of the State, and because the bond does not bind Falcon to answer any offense known to the State of Texas; second, that the bond was void, in that it shows that Falcon was not charged with any offense against the laws of the State.

This was not a proceeding wherein Falcon was charged with having committed any offense; its purpose was to prevent an impending or threatened offense, and their exceptions were not applicable.

The third and fourth special exceptions state, in substance, that the judge's order required Falcon to give bond not to commit the offense of "inflicting bodily injury by an aggravated assault and battery upon Justina Castro," and the condition of the bond did not follow this order, but proceeded as above set forth.

Appellees contend, that the bond was given in reference to a different charge than that stated in the steps preceding it, viz., the oath of the informant and the order of the judge, and for this reason it was void. They also claim, that the bond is void, being more onerous than the order required; and for duplicity, in that it mentions two separate and distinct offenses, not capable of being joined, and that the oath was likewise void for duplicity.

The record shows what purports to be the oath, order, and bond, but we can not regard them for any purpose, as the exceptions were addressed to what was set forth in the petition, and the court dismissed the cause for insufficiency of the petition alone. The petition does not allege the order "required Falcon to give bond not to commit the offense of inflicting bodily harm by an aggravated assault and battery upon Justina Castro," as the exception charges. The allegation was, in effect, that it required Falcon not to commit the offense stated in the complaint. In

considering these exceptions we are met with this proviso in the statute relating to such bond: " No error of form shall vitiate such bond, and no error in the proceedings prior to the execution of the bond shall be available as a defense in an action thereon." Code Crim. Proc., art. 96.

The obvious meaning of this clause is to require the courts to hold the bond valid unless it contains some error of substance. No errors or irregularities in the prior proceedings can have any effect upon the validity of the bond. The Legislature intended by this to avoid the technical difficulties that usually attend the enforcement of such obligations, and by simplifying the proceedings to make the bonds effective for the purpose for which they are designed. Duplicity in the recital of the accusation against the defendant, or uncertainty of such recital, would, we believe, be substantial defects; and we furthermore are of the opinion, that a variance between the accusation stated in the bond and that stated in the order, as, for instance, the recital of an entirely different offense, would invalidate the bond. We do not perceive any material difference in respect to the recital of the accusation, if we judge the demurrers by what is presented in plaintiff's pleading. It is alleged by plaintiff, that the complaint charged that Falcon had threatened to do Justina Castro serious bodily injury; the statement also made in said complaint, that he was about to make an assault upon her person to inflict upon her serious bodily injury, as he had heretofore done, did not state anything substantially different from what had already been mentioned in the complaint; besides, this statement was probably made for the purpose of showing that the threat was seriously made, and that she was in immediate danger therefrom.

The order that the county judge entered upon hearing the complaint required Falcon to enter into a bond, in the sum for which the bond was given, not to commit said offense (meaning the offense named in the complaint), and to keep the peace toward the said Justina Castro for the period of one year. He did not order that the bond should be given to keep the peace toward all others, as provided in the statute. Code Crim. Proc., art. 95.

The omission from the order of the words " and toward others " was such error or irregularity as the statute provided should not be available as a defense in such cases. The condition of the bond recites, that Falcon " had been accused of having threatened to assault Justina Castro and to do her serious bodily injury, and being about to assault her, the said Justina Castro, to do her serious bodily injury, would not commit such offense," etc. We can see no variance between the bond and the prior proceedings in this respect, and no duplicity or uncertainty in the bond, and we consider that the petition was good against the general and special demurrers.

We will add, that we have considered what is set forth in the petition

only.   The court evidently dismissed the cause upon the insufficiency of what appears therein.   There was no trial; if there was, there is no statement of facts in the record.   The complaint, the order of the county judge, and the bond are copied in extenso in the record, but we do not notice them in the proceeding, as they do not appear to have been exhibits to the petition.   What we have stated concerning them is from the petition to which the demurrers were directed.   The district judge erred in sustaining the demurrers, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 20, 1893.

A motion for rehearing was overruled.