## JAKE MYERS v. STATE OF TEXAS.

### Decided October 31, 1907.

**1.—Intoxicating Liquor—Search and Seizure—Replevy Bond—Penalties and Forfeitures—Jurisdiction.**

Under the Act of April 5, 1907 (Laws 30th Leg., p. 156), upon a search and seizure of intoxicating liquors kept for sale in violation of the local option prohibitory law and the execution by the claimant of a replevy bond therefor, the subsequent procedure under such Act for judgment against claimant upon the bond is a suit in behalf of the State for penalty and forfeiture, within the meaning of article 8, section 5 of the Constitution, which confers exclusive jurisdiction over such actions on the District Court. So much of the Act as attempts to confer such jurisdiction on the Justice or the County Court, according to amount, is invalid.

**2.—Same—Pleading.**

The Act of April 5, 1907 (Laws 30th Leg., p. 156), does not require the filing of a petition for condemnation of intoxicating liquors seized thereunder or recovery on the replevy bond therefor; the complaint required by section 1 of the Act is the basis of the judicial procedure, and this should state every material fact necessary to constitute the offense of maintaining the nuisance, "storing liquor for the purpose of sale in violation of law" does not define the nuisance; it must be charged to be done in a locality where such sales have been prohibited—the adoption of the law must be alleged and proven.

Appeal from the County Court of Fannin County. Tried below before Hon. H. A. Cunningham.

*McGrady & McMahon,* for appellant.—Section 8 of article 5 of the Constitution gives the District Court exclusive jurisdiction. Therefore such a proceeding in Justice and County Court is void. Hill v. Atchison, 19 Texas Civ. App., 664; State v. Eggerman, 81 Texas, 569; State v. San Miguel, 4 Texas Civ. App., 182; Ex Parte Towles, 48 Texas, 413.

The pleading is fatally defective where it fails to allege the existence of local option against sale of intoxicating liquors. Hall v. State, 39 S. W. Rep., 117.

*Donaldson & Thomas,* for appellee.

LEVY, ASSOCIATE JUSTICE.—This proceeding was instituted against the appellant, by the appellee, under Act of the 30th Legislature, p. 156, which was approved and became a law on April 5, 1907.

The proceeding was commenced as follows: On the 11th day of May, 1907, the county attorney of Fannin County, Texas, made an affidavit before the county judge of the same county, reading, "The State of Texas, County of Fannin. Before me, the undersigned authority, this day personally appeared J. W. Donaldson, county attorney of Fannin County, Texas, known to me to be a creditable citizen of said county; who deposes, and upon his oath says that he believes that intoxicating liquor is being sold in violation of law, by one Jake Meyers, at and in his place of business known as "Jake Meyers' Frosty Joint," situated in the city of Bonham, Fannin County, Texas, on Main Street, and being the first house on the west side of said Main Street of said city, after crossing the Texas Pacific Railway tracks, said street going south from the public square of said city. (Said place is also known as "The Bridge Restaurant"); and that said intoxicating liquor is being kept and stored in said house as aforesaid, for the purpose of being sold in violation of law."

Upon this affidavit the county judge issued a writ to the sheriff, commanding him to search the premises described, for any intoxicating liquor; and to seize the same so found, together with all signs, screens, bars, bottles, glasses, furniture, tools, appliances, and other articles used in keeping or maintaining such place as a place for the unlawful sale of intoxicating liquors. The sheriff executed the writ of search, and found and took into his possession 127 bottles of beer, 43 quarts of whisky, and other articles of liquor, the total of which was valued at $101.12. On the 16th of May, 1907, the appellant replevied the property and gave a replevy bond in the sum of the value of the articles, with three sureties, conditioned as is required by law. On the 16th of May, 1907, the county attorney filed a petition in the Justice Court of Precinct No. 1, setting out practically the language of the affidavit with an averment of the replevy by the appellant, and praying for judgment on his replevy bond and for the county attorney's fees and the sheriff's fees and costs of suit. A citation was issued on the same day, by the justice of the peace, and was served upon the appellant to appear at the regular term of the court, on May 27, 1907, to answer to the complaint. A trial was had in the Justice Court, and a judgment rendered against the appellant; and he appealed to the County Court. In the County Court the State's pleading consisted of the information or petition hereinbefore referred to; and the appellant's pleading was oral, as in the Justice Court, and consisted of a general demurrer and general denial. The County Court overruled the general demurrer and appellant excepted. The case was tried in the County Court, to a jury, upon special issues; and upon the answers of the jury the court rendered judgment for

the appellee, adjudging the value of the articles and 15 percent for the county attorney and 10 percent for the sheriff as fees and costs of suit against the appellant and his sureties on the replevin bond. From this judgment appellant appeals.

The appellant assigns as error the action of the court in overruling his general demurrer. Under the assignment the appellant has three contentions in stated propositions.

Appellant insists that the proceeding authorized under the Act of 1907, p. 156, brought in the name of the State, is a "Suit in behalf of the State to recover penalties, forfeitures and escheats," within the meaning of section 8 article 5, of the Constitution, defining the jurisdiction of District Courts, and of which class the District Court has original jurisdiction; and the authority conferred by the Act for trial of the subject matter in the Justice Court, as well as in the County Court, is void. The Act of 1907, section 5, in undertaking to provide for the litigation of the subject matter, says that the complaint, and warrant thereunder, shall "Be filed and docketed in the proper court of said county having jurisdiction of the amount involved as shown by the valuation of the officer, or by the amount of the replevy bond or bonds, if any." Under this conferred jurisdiction the Justice and County Court acted. Article 8, section 5, of the Constitution, provides in these words: "The District Court shall have original jurisdiction of all suits in behalf of the State, to recover penalties, forfeitures and escheats."

A "suit" is defined to be "The prosecution of some demand in a court of justice." Ex parte Towles, 48 Texas, 433. In the case of State v. Eggerman (81 Texas, 569) the Supreme Court, in passing upon whether a suit was "In behalf of the State," adopts the following definition: "The word 'behalf' means in the name of, on account of, benefit, advantage, interest, profit, defence, vindication; and in any of these senses, this is evidently within the meaning of the Constitution a suit in behalf of the State."

The Supreme Court has adopted this definition of "forfeiture," "Forfeiture is where a person loses some right, property, privilege or benefit in consequence of having done, or omitted to do, a certain act." (State v. De Gress, 72 Texas, 245.)

It is a general principle, and one which has been uniformly applied in construing our Constitution, that where a jurisdiction is given over cases involving designated kinds of subject matter, the grant is exclusive; and such subject matter, without reference to its value, must be litigated in the court designated unless a contrary intent is shown in the context. (Townes on Texas Pleading, p. 101.)

In the light of judicial decisions the doctrine of law is announced that a suit in the name of the State, on a statutory bond, is for a penalty. This doctrine supports the decision that a suit by the State, for a penalty for selling spirituous liquors, was within the exclusive jurisdiction of the District Court. (Aulanier v. Governor, 1 Texas, 667; State v. Schuenemann, 18 Texas Civ. App., 485, and others.) Suits by State for breach of peace bond: State v. San Miguel, 4 Texas Civ. App, 182. The reason of this doctrine is premised upon the

law forbidding the doing of certain things, and obligates the person to the State, in statutory bond, to avoid doing the forbidden things. Thus, it is forbidden a liquor dealer, among other things, to sell intoxicating liquors to minors or to keep a disorderly house, and he obligates himself not to do so. The doing of the forbidden thing by his conduct with his property penalizes him. It is against the law to unlawfully assault another; a peace bond obligates the maker not to assault; the doing of the forbidden thing penalizes him. Upon like reasoning would it appear to be a suit for "penalty" where the law requires of the owner of intoxicating liquor, located in a local option territory, not to use or possess same in violation of that law; he does the forbidden thing, and the property is seized for destruction; the owner, or claimer, obligates himself to the State, in statutory bond, that he will pay its value for the violation of the law as an amercement to him for its wrongful use, and also the fixed amounts additional as penalty, and costs for prosecution of the nuisance.

Following the definition adopted and application given to these words as used in the Constitution by the Supreme Court, is this proceeding by the State a suit in behalf of the State for the recovery of a penalty or a forfeiture? If so, then the Constitution places the exclusive jurisdiction in the District Court to try. Before, however, determining the question it is necessary to analyze the Act and ascertain its nature and the mode of procedure marked out for the guidance of the court in adjudging the remedy prescribed by the Act.

Section 1 declares that any room or place situated in a local option county or territory where liquors are stored and kept for the purpose of being sold in violation of law and the liquors so kept and stored, as well as the named furniture and appliances for handling and dispensing it, are a common nuisance.

Section 2 prescribes the method of searching for and seizing the offending articles after an affidavit has been made by some suitable person of the county where the proceedings are begun before the county judge or justice of the peace; requires the officer making the seizure to make a complete inventory of all the articles seized and the estimated value of each, all to be securely kept unless replevied by the owner, or person found in possession.

Section 3 provides what the search warrant shall contain.

Section 4 gives the owner of the property seized the right to replevy at any time before trial by giving bond in a sum equal to the value of goods seized as fixed in the officer's estimate; the bond to be conditioned that should said property in said action be condemned as a nuisance the obligors will pay to the State of Texas the amount thereof, together with an amount for an attorney's fee and costs for the sheriff or constable.

Section 5 provides for the return of the warrant, specifying what the return shall show; requires the county judge or justice of the peace to whom the same is returned to file and docket the cause in the proper court having jurisdiction of the amount involved as shown by the value of the goods seized; the cause to be docketed

in the name of the State of Texas as plaintiff and the name of the owner, or the person found in possession of the goods, as defendant.

Section 6 requires that after the filing of the case in the proper court, the latter shall cause a notice to issue to the defendant; that the cause, if tried by a jury, shall be submitted on a special issue which shall be in substance whether or not the liquors and other property seized constituted a nuisance within the meaning of this Act when seized; provides that the procedure shall be the same as in civil cases, and some other provisions as to appeals, costs and preference in trials.

Section 7 describes the notice required to be issued to the defendant upon the filing and docketing of the cause in the trial court, and requires that it shall require the defendant to show cause by a day named why the liquor and other articles named should not be declared a nuisance; but places the burden of proof on the State to prove the averment of the complaint.

Section 8 requires the property to remain in the custody of the officer seizing it unless replevied, subject to the proper order of the judge or justice of the peace.

Section 9 provides that should the State prevail in this suit the court shall enter up a judgment condemning the property seized to be destroyed, and against the defendant for all costs; that a writ shall issue to the sheriff or constable similar to an execution commanding the officer to destroy the property. It is also provided that in case the property has been replevied judgment shall be entered against the principal and the sureties in the replevy bond for the value of the goods with costs and fees for sheriff and county attorney. Should defendant prevail judgment shall be entered restoring the property, or discharging the bond, as the case may be.

Section 10 provides for taxing an attorney's fee in all cases amounting to 15 percent and a ten percent fee for the sheriff or constable.

The remaining portions of this Act contain provisions for writs of injunction to prevent the actual threatened or contemplated use of premises for the storing of liquors on prohibited territory to be issued at the suit of the State or of any citizen, and other regulations not material to this inquiry.

Section 16, which is the emergency clause of the bill, is as follows: "The insufficiency of the laws of this State to prevent violation of the local option laws create an emergency, etc."

Upon analyzing the Act, it is obvious that the prescribed mode of procedure of abating the nuisance is not to be exercised in a summary way like meeting an impending peril by destruction of a house, near a burning house, to prevent further spread of fire; or destroying infected articles of property to prevent spread of disease. But the mode and procedure of the exercise of this authority given to the State to abate the nuisance requires the State to litigate the question of fact with the owner in a "court having jurisdiction of the value," and to abate only after verdict in its favor. In this litigation in the court the State is made the party plaintiff

seeking, in the exercise of its police power, to establish against the owner or claimant of the intoxicating liquor, as defendant an unlawful misuser of intoxicating liquor in a local option territory, and after verdict to take control of the property and destroy it, or if replevied to recover a personal judgment in a fixed sum as its equivalent value. The Act fixes the burden of proof upon the State. In this mode of procedure there is evident every element of a suit, and in behalf of the State, as a public agency, and of a trial in a court of justice, between parties, to adjudge a loss of property, or its fixed value as the equivalent, for the offense of maintaining a nuisance with property.

Is the remedy as prescribed by the Act a "forfeiture" or "penalty" to the State within the meaning, as defined, so as to confine jurisdiction to the District Court? "Whatever the nature or value of the property, right, privilege or benefit may be, if the State desires to have its loss adjudged it must bring its action in the District Court." Townes on Texas Pleading, p. 102. By this rule the object of the procedure prescribed by the Act answers the question.

It is evident that the prime purpose of the Act is the more effectually to prevent the sale of intoxicating liquor in local option territory in violation of such laws, by denouncing the intoxicating liquors to be a common nuisance when kept or used in local option territory for the purpose of selling same in violation of the law. It does not seek to destroy the intoxicating liquor because it is an evil per se; but it is the intended and contemplated sale on the part of the owner or possessor that is sought to be reached; his unlawful purposes and designs create the nuisance; his personal conduct about the property involves the property. The duty is incumbent upon the owner or possessor of intoxicating liquors in this prescribed territory under this Act of careful use not to violate the law. A breach of this duty places his property under the ban of the law. So the property is destroyed or condemned under the Act as a remedy or mode of abatement, not because it is harmful in itself to society or belongs to that class of articles which the police power of the State should be called into exercise to summarily suppress or destroy, but to punish the unlawful purposes and designs of the owner of the property. This construction is strengthened by those provisions of sections 4 and 9 permitting the owner to replevy the property after its seizure and then to retain the possession of the intoxicating liquors in the same locality, perhaps in the same building from where they were seized, if he wishes to. Thus, a pecuniary obligation equal to the appraised value of the intoxicating liquor seized is substituted for the intoxicating liquor itself, and this bond is proceeded upon in the court to a personal judgment against the principal in the bond and his sureties. It is a doctrine of law that a plaintiff can have only one satisfaction in a case; and here, under the law, the State obtains a pecuniary judgment, instead of the property itself when replevied. By this judgment so rendered on the replevin bond, the offense of maintaining a nuisance is satisfied. The replevin bond is not conditioned for the forthcoming of the property, but is conditioned,

"If said property be condemned as a nuisance then the obligors in such bond will pay the State of Texas the amount thereof, being the value of the property replevied as fixed by the officer, and all costs including 15 percent additional as a fee to the county or district attorney and 10 percent of the amount additional for sheriff or constable and all costs of suit." This bond is simply a personal obligation on the part of the owner of the intoxicating liquors so seized to pay in money the value of such liquors in the event that the State prevails in the trial of the suit and establishes that at the time the property was seized it was at that time being kept and used for the purpose of illegal sale. Section 6 expressly provides the issue that shall be determined by the jury, shall be whether or not the intoxicating liquor constituted a nuisance at the time it was seized. The fact that the Act provides for a pecuniary substitute for the liquors seized shows the object of the Act was not to merely abate a nuisance for the purpose of the destruction of the property declared to be a common nuisance to society. The Legislature, in authorizing the replevy of the liquor seized and the proceeding to personal judgment thereunder, when replevied, instead of following the property to its destruction, must have sought to have patterned this Act after the general doctrine applicable to nuisances at suit of private parties, that if a nuisance consists merely in the manner in which the property is handled or used or managed under given circumstances it is a nuisance which can be remedied without a total destruction of the property. If it is the object of the Act to punish, or prevent the sale or intended sale of intoxicating liquor in local option territory, by the seizing and destruction of the property, then it is necessarily a suit to recover a forfeiture. In this suit the owner's right, title and possession to the property plays an important part as a judicial inquiry, and is adjudged lost to him by the court only in the event that he is proven to have entertained unlawful purposes about the property; that is, a "forfeiture" of the class that confines the suit to the jurisdiction of the District Court within the express terms of the Constitution.

It is true that the inception of the search and seizure is in the nature of a summary process, and at that very time the jurisdiction of no court has attached. But there is no destruction of the property under this summary process until after a verdict in the court. The complaint on which the search and seizure warrant is issued shall, after its return and execution, be filed in the court. The Act authorizes the owner or claimant of the liquors to replevy after the seizure, so soon as an inventory of value is made, if he elects to do so. This may be before the complaint is filed in a court. Then to what court would this bond be returned to be sued on? is a pertinent inquiry. It is a statutory bond payable to the State in a sum fixed by statute. The same doctrine that supports other penalty suits by the State would make this bond a penalty tryable only in the District Court.

We are therefore of the opinion that this is a suit in behalf of the State for penalty and forfeiture within the meaning and reference of article 8, section 5, of the Constitution of the State, which

confines the exclusive jurisdiction of that class of suits to the District Court. The Justice and County Courts have no jurisdiction to try this suit, notwithstanding the Act attempts to confer it. We desire to say that this holding does not make the whole Act void, and only reaches to that feature of the Act which attempts to confer jurisdiction on the several courts to try the suit when filed, "according to the value of the property" in controversy. We only hold that the District Court is the forum, and the only forum, in which the subject matter of this Act shall be litigated.

The appellant contends that the petition filed by the county attorney did not allege the existence of local option, and therefore that the offense of nuisance as required by this Act is not shown, and that his general demurrer should have been sustained. The Act does not seem to require the filing of a petition. The complaint required by section 1 is the basis of the judicial proceeding and is the instrument that gives the court jurisdiction of the subject matter when it is returned and filed. It is essential that the complaint should state every material fact necessary to constitute the offense of maintaining the nuisance, as required by the Act, and for which the forfeiture is sought, and which is required to be proven on the trial of the case to enable the State to recover the judgment of forfeiture. The storing and keeping of intoxicating liquors "for the purpose of sale in violation of law," does not sufficiently define the nuisance under this Act. It is required that it occur in a locality where such sales of liquors have been prohibited by vote. If it is essential that such facts be proven, it is equally essential that it be alleged in the instrument, the basis of the prosecution of a suit. In our opinion, it is a fundamental error to fail to allege these facts, because no case is pleaded until these material facts are set out. The allegation "in violation of law," is not sufficient to allege the existence of the fact of local option in the locality. The verdict could not cure such defect. "In violation of law," could reach various offenses. The court can not take judicial knowledge of the existence of local option in the various counties and subdivisions of this State; but on the contrary, wherever it is sought to recover a judgment for anything done in violation of the local option law, the adoption of the law must be proven and alleged as any other fact. The expression "in violation of law," is a legal conclusion, and adds nothing to the statement of facts included in the complaint.

The other contention of the appellant, raised under his general demurrer, is not properly for our decision, because of the turn, as to jurisdiction, this case must take.

This suit is ordered reversed and dismissed for the errors discussed.

*Reversed and dismissed.*