### J. M. DUPREE ET AL. v. THE STATE OF TEXAS.

Decided December 18, 1907.   February 5, 1908.

**1.—Jurisdiction—Forfeiture—Search and Seizure.**

Proceedings under the Act of April 5, 1907, Laws 30th Leg., p. 156 (Search and Seizure Law) to condemn intoxicating liquors seized under the process therein provided, constitute an action to declare a forfeiture within the meaning of article 8, section 5 of the Constitution, which confers the jurisdiction in such cases on the District and not on the County Court.

ON REHEARING.

**2.—Practice on Appeal.**

One. who brings action and recovers in a court having no jurisdiction of the cause of action should bear all the costs that result by reason of the suit; the appeal of defendant will not be dismissed at his cost for want of jurisdiction in the appellate court, but the judgment reversed and remanded with direction to dismiss in the lower court.

Appeal from the County Court of Brown County.   Tried below before Hon. A. M. Brumfield.

*C. N. Harrison* and *J. W. Wayman,* for appellants.

*R. V. Davidson,* Attorney-General, and *Jas. D. Walthal,* Assistant, for appellee.

FISHER, CHIEF JUSTICE.—This is an appeal from a judgment rendered against the appellants by the County Court of Brown County based upon a proceeding authorized by the Act of the Legislature passed April 5, 1907, commonly known as the Search and Seizure Law.

Some interesting questions are raised by the assignments of error

which, in view of the dismissal of this appeal, we are not authorized to pass on. The Court of Civil Appeals of the Sixth District, in the case of Meyers v. State, 19 Texas Crt. Rep., 800, in a well considered opinion, held that the action to recover by the State under this statute was in effect a suit to declare a forfeiture or to recover penalties. The proceeding resorted to in that case and the facts stated are substantially similar to the nature of the proceeding resorted to in this case, and the facts upon which the judgment was based. In the case cited it was held, and we think correctly so, that the suit being one to declare a forfeiture or to recover penalties, the County Court had no jurisdiction, and that by virtue of art. 8, sec. 5, of the Constitution, jurisdiction was exclusive in the District Court.

These conclusions lead to a dismissal of this appeal at the cost of the appellants.

*Appeal dismissed.*

### OPINION ON REHEARING.

FISHER, CHIEF JUSTICE.—At a former day of this term we rendered a judgment dismissing this appeal at the cost of the appellants. In the opinion handed down at that time it is stated that this suit was brought in the County Court of Brown County under what is known as the "Search and Seizure Act," passed by the Legislature April 5, 1907; and, following the case of Meyers v. The State, 19 Texas Crt. Rep., 800, we held that the action was one to recover a penalty under the statute referred to and that the County Court had no jurisdiction of a case of that character, and consequently, an appeal from a judgment rendered by that court did not confer jurisdiction upon this court.

In the motion for rehearing filed by the appellants it is insisted that we erred in taxing the costs of the appeal against the appellants and in not reversing with instructions to the trial court to dismiss. We agree with appellants in this contention. Llano Improvement & Furnace Co. v. White, 5 Texas Civ. App., 109, and cases there cited, and Wadsworth v. Chick, 55 Texas, 242.

As the appellee brought this suit in a court which was lacking in jurisdiction, it should bear the burden of all the costs that resulted by reason of the suit. The appellants as defendants, were brought into the case by the suit of the State, and they had the right to defend, not only in the court in which the suit was originally brought, but to appeal from the judgment rendered against them, and the costs incurred in pursuit of this right should be taxed against the party who forced them into this situation.

The judgment of the court below will be reversed, with instructions to the trial court to dismiss the case for the want of jurisdiction, with a judgment for costs against the appellee. The costs of this appeal are also taxed against the appellee.

*Reversed and remanded.*