# MAY, 1944

## THE STATE OF TEXAS V. G. T. COMPTON.

No. 8198. Decided March 22, 1944.
Rehearing overruled May 3, 1944.
(179 S. W., 2d Series, 501.)

*J. S. Kone,* County Attorney, of Grayson County, of Sherman, *Alexander Gullett,* Assistant County Attorney, of Denison, *Grover, Sellers,* Attorney General, *Jesse Owen* and *Geo. W. Barcus,* Assistants Attorney General, for petitioner.

Because G. T. Compton had filed a plea of intervention in the county court, in the original confiscation suit, and had appealed from the order of that court, setting aside his plea of intervention, the district court of Grayson County was without jurisdiction to entertain this suit for the recovery of his confiscated automobile. Roberts v. Gossett, 88 S. W. (2d) 507; Bythe v. Deaton, 48 Texas 198; Rains v. Reasonover, 102 S. W. 176; Cleveland v. Ward, 116 Texas 1, 285 S. W. 1063.

*A. F. Nossaman,* of Sherman, for respondent.

The respondent was not a party to the action of the county court and had not submitted to its jurisdiction, having been refused access to that court. Neither had he made an election of remedies, and was not estopped from bringing this action in the district court. Rick v. Farrell, 266 S. W. 522; Bankers Life Co. v. Quarles Co., 131 Texas 65, 112 S. W. (2d) 1044; 18 Am. Jur., 139.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

In November, 1942, J. H. Walker, of McAllister, Oklahoma, was arrested by a Liquor Control Board inspector in Grayson County for violation of the State liquor law. At the time of his arrest he was driving an automobile in which he was transporting ten cases of whisky. The automobile was seized and turned over to the Sheriff of Grayson County to await the disposition of the criminal charge. Shortly thereafter Walker entered a plea of guilty in the County Court of Grayson County and was fined $100.00 and costs. The entry on the docket of the court was "upon plea of guilty in open court defendant fined $100.00 and costs and confiscated property ordered sold." Two days later respondent Compton filed in the county court a plea of intervention challenging the jurisdiction of that court to order the automobile sold and alleging that he was the owner thereof, and that no person other than himself had any interest in the title thereto. He further alleged that the illegal use of the automobile was not for his benefit, but was without his knowledge or consent. On December 2, 1942, the court entered an order disallowing the intervention on the ground that the plea was filed too late. To that order Compton excepted and gave notice of appeal to the Court of Civil Appeals, but took no further steps to perfect his appeal.

On December 1, 1942, one day before the county court order was entered, Compton instituted this suit in the District Court of Grayson County alleging ownership of the automobile and seeking title and possession thereof or, in the alternative, a judgment for $700.00, its alleged value. The defendant named in the action was P. M. Porter, Sheriff of Grayson County. The sheriff answered setting out the facts above detailed as to the circumstances under which he came into possession of the car and alleging that he still held possession thereof in his official capacity as sheriff; that he claimed no right, title or interest therein, but was ready and willing to deliver same to any person rightfully entitled to receive it upon an order of the court having jurisdiction of the matter. Thereafter, the State of Texas intervened alleging the facts above set out with reference to the proceedings in the county court and alleging that the district court had no jurisdiction over the property in controversy. The case was tried before the court without the aid of a jury and resulted in a judgment in favor of Compton for the title and possession of the automobile and an order directing the sheriff to deliver possession thereof to him or his attorney of record. From that judgment an appeal was prosecuted by the State to the Court of Civil Appeals resulting in an affirmance of the trial court's judgment. 174 S. W. (2d) 977.

The State in its application for writ of error presents the case under four points, each of which alleges error of the district court in assuming jurisdiction of the subject matter. The Court of Civil Appeals considered that question from the various angles in which it is presented here by the State and overruled the contentions. We have concluded that its judgment is correct and should be affirmed, but, since our decision rests upon a different ground from that upon which that court based its decision, we find it unnecessary to consider the question of whether the judgment could be affirmed upon the theory announced in its opinion.

■ The proceeding in the county court was based upon the Texas Liquor Control Act. More specifically it was based upon Article 666-44, Vernon's Penal Code. That subsection of the article provides, in brief, that, if any vehicle is used for the transportation of illicit beverages, same may be seized without warrant by any representatives of the Liquor Control Board or any peace officer; that such officer shall at once proceed against the person arrested and all principals, accomplices or accessories in any court having jurisdiction; that such vehicle shall be returned to the owner upon execution by him of a valid bond in a sum double the appraised value thereof; that upon conviction of the person so arrested the court shall order the beverage disposed of as provided elsewhere in the Act, and, unless good cause to the contrary is shown by the owner, shall order the sale at public auction of the vehicle, and that the officer making the sale shall pay all liens according to priorities which are established by "intervention or otherwise at said hearing or any other proceeding brought for said purpose." The provisions with reference to the procedure to be followed are very meager, but they are sufficiently specific to authorize the seizure of a vehicle unlawfully used, as was the automobile involved in this case, in the transportation of whiskey. The Act contemplates that an action to determine the right of the State to sell such vehicle when a third person claims to be the owner thereof and claims that same was used without his knowledge or consent, might be brought in some court other than the one in which the criminal charge is pending. But, regardless of that, it is our view that the district court alone is clothed by the Constitution with jurisdiction to hear and determine the issues made by the plea of intervention filed by Compton in this case and our decision will be based upon the applicable constitutional provision.

It is provided in Article 5, Section 8, of our Constitution that the district court shall have original jurisdiction "* * * in all suits in behalf of the State to recover penalties, forfei-

tures and escheats * * *." In the case of .Lorance v. State, 172 S. W. (2d) 386, in which an application for writ of error was refused by this court, it was held that a proceeding like the instant one did not fall within the language of this constitutional provision, and that the county court was clothed with jurisdiction, as against a third person claiming same, to forfeit an automobile as an incident of the criminal proceeding. We have examined the record in that case on file in this court and it discloses that a petition for writ of error was filed therein by the State only. The petition did not question the holding of the Court of Civil Appeals in the respect mentioned, but presented only two questions for decision by this court. One was the contention that a proceeding under Article 666-44 of Vernon's Penal Code for the forfeiture of an automobile claimed by a third person not charged with the crime was but an incident of the criminal prosecution, and that, therefore, an appeal from an order of the county court directing that same be sold lay to the Court of Criminal Appeals and not to the Court of Civil Appeals. The other question presented was the contention that the Court of Civil Appeals erred in holding that the claimant was entitled to a jury trial. By refusing that application this court decided only that the proceeding was a civil suit to be governed by the rules of procedure applicable to such suits, and was not a mere incident of the criminal case. We did not there consider the question of whether, under the above constitutional provision, the district court alone had jurisdiction of the proceeding, and neither did we consider the question of the exact nature of the suit. We have now given those questions careful consideration and our conclusions follow below.

■ A forfeiture occurs "* * * where a person loses some right, property, privilege, or benefit in consequence of having done, or omitted to do a certain act." State v. DeGress, 72 Texas, 242, 11 S. W. 1029; Meyers v. State, 47 Texas Civ. App. 336, 105 S. W. 48, 50. This is a typical case of forfeiture. The State is asserting that, because of an act done by Compton, he should lose his automobile. Compton denies the commission of such act. Only by a suit can that issue be determined, and that suit is clearly one for a decree of forfeiture and not merely for an incidental order in the criminal case in which Compton was not made a party. The State could not summarily order it sold. General Motors Acceptance Corp. v. State, 118 Texas 189, 12 S. W. (2d) 968. From this it necessarily follows that the county court was without jurisdiction to determine the issues, as between Compton and the State, and that under the constitution the district court alone was clothed with jurisdiction of the controversy. State v. Eggerman, 81 Texas 569, 16 S. W. 1067;

State v. Stoutsenberger, 4 Willson Civ. Cases, 247, 16 S. W. 304; Dupree v. State, 48 Texas Cic. App. 272, 107 S. W. 926; State v. San Miguel, 47 Texas Civ. App. 182, 23 S. W. 389; Myers v. State, supra.

This opinion is limited to the case made below and does not decide the question of whether or not an order that an automobile belonging to a defendant in a criminal proceeding be sold would be but an incident of that proceeding.

Since the county court had no jurisdiction to entertain the forfeiture suit, Compton is not estopped by his act in intervening therein. The judgments of the district court and the Court of Cicil Appeals will both be affirmed.

Opinion adopted by the Supreme Court March 22, 1944.

Rehearing overruled May 3, 1944.