

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 5, 1961

Honorable Coke R. Stevenson, Jr.  Opinion No. WW-979
Administrator
Texas Liquor Control Board  Re: Whether the District, County
State Office Building  or Justice Court has jurisdiction
Austin, Texas  to try a suit for the forfeiture
 of illicit alcoholic beverages,
Dear Mr. Stevenson:  and related question.

Your request for an opinion reads as follows:

"Subsection (b) of Section 42 of Article I of the
Texas Liquor Control Act, provides that the Attorney General,
the District Attorney, and the County Attorney, or any of
them, shall, after notification of a seizure of illicit
alcoholic beverages, institute a suit for the forfeiture
of such alcoholic beverages in the name of the State of
Texas in any Court of competent jurisdiction in the county
wherein such seizure was made.

"Section 8 of Article V of the Constitution of the
State of Texas, provides that the District Court shall have
original jurisdiction in all suits in behalf of the State to
recover forfeitures.

"In the light of this Constitutional Provision, we have
interpreted the phrase, 'Court of competent jurisdiction,' to
be a District Court only. Thus, should a Justice of the Peace
Court adjudge alcoholic beverages to be illicit and enter an
Order of Forfeiture, we would consider the judgment to be void,
and we would feel impelled to not pay the Court costs in
connection with the proceeding.

"We, therefore, respectfully request your valuable opinion
on the following questions:

"1. Which type of trial Court, either
District, County, or Justice of the Peace, has
original jurisdiction to try a suit for the
forfeiture of illicit alcoholic beverages?

"2.    If the District Court only is
your answer to question No. 1, is the Board
authorized to pay Court costs of a Justice
of the Peace Court that has entered an Order
of Forfeiture of illicit alcoholic beverages,
and, does title to such beverages pass to the
State of Texas?

"These questions are not the subject of any pending
or proposed litigation."

The District Court has original jurisdiction to try a suit for the
forfeiture of illicit alcoholic beverages.  Section 8 of Article V of the
Constitution of the State of Texas, reads in part as follows:

"The District Court shall have original jurisdiction
. . . in all suits in behalf of the State to recover . . .
forfeitures. . . ."

No other court of original jurisdiction can acquire original jurisdiction over
the subject matter of a forfeiture suit since such jurisdiction is granted
exclusively to the District Court by the Constitution.  Meyers v. State, 105
S.W. 48, (Civ. App. 1907); State v. Compton, 142 Tex. 494, 179 S.W.2d 501
(1944).

Any judgment rendered in a Justice of the Peace Court disposing of
illicit alcoholic beverages by an order of forfeiture is void for want of
jurisdiction, and does not pass title to the State of Texas.

Before the Board is authorized to pay the court costs of such pro-
ceedings there must be an appropriation and a pre-existing law authorizing
said expenditure.

Acts 1959, 56th Legislature, 3rd called session, ch. 23, Appropriation
Act, p. 662, Item 54, appropriates funds for the Texas Liquor Control Board to
pay court costs.

For pre-existing authority for the payment of court costs to the
Justice Court we must look to the Texas Liquor Control Act.

Article 66, Texas Penal Code, Sec. 42(b), reads in part as follows:

"It shall be the duty of the Attorney General, the
District Attorney, and the County Attorney, or any of them,
when notified by the officer making the seizure, or by the
Texas Liquor Control Board, that such seizure has been made,
to institute a suit for forfeiture of such alcoholic beverages
and property . . . in any court of competent jurisdiction in

the county wherein such seizure was made.  . . . The costs of such proceedings shall be paid by the Board, out of the funds derived under the provisions of said Section 30, or from any other fund available to the Board for such purpose."  [Emphasis added]

There is no other provision of the Texas Liquor Control Act which would authorize payment of the costs.  Since the present suit was not in "any court of competent jurisdiction" Sec. 42(b) does not authorize payment of the court costs for a forfeiture suit in Justice Court.

This opinion is limited to civil suits for the forfeiture of illicit alcoholic beverages and we are not called upon and are not deciding the question of whether or not an order that such beverages belonging to a defendant in a criminal proceeding be sold would be but an incident of that proceeding.

## SUMMARY

1.  The District Court is the only court with original jurisdiction to try a suit for the forfeiture of illicit alcoholic beverages.

2.  The Texas Liquor Control Board is not authorized to pay court costs of a Justice of the Peace Court that has entered an order of forfeiture of illicit alcoholic beverages, and said order does not pass title to such beverages to the State of Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Cecil Cammack_
Cecil Cammack, Jr.
Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Bob Armstrong
Watson C. Arnold
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt