

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 13, 1972

Honorable Ned Granger
County Attorney
Travis County Courthouse
P. O. Box 1748
Austin, Texas   78767

Opinion No. M-1161

Re:  Whether the Comptroller of
Public Accounts is author-
ized and/or required to pay
court costs incurred by the
State while prosecuting
cases in Travis County courts
even though the Governor,
exercising his legislative
function, has vetoed the
court cost appropriation
of the Attorney General's
Office for the current

Dear Mr. Granger:                        year.

        We quote the following excerpt from your letter requesting
an Opinion of this Office on the above captioned matter:

                "... The Court cost appropriation of the
        Attorney General's office for the current
        year was vetoed by the Governor ....

                "... the Comptroller of Public Accounts
        refuses to reimburse Travis County for the
        large amount of court costs for State cases
        which have accumulated since the beginning
        of this fiscal year (now over $32,000).

                "It would appear that the Comptroller defi-
        nitely has such authority.  On page III-36,
        Section 17 of the Comptroller of Public
        Accounts' appropriation there is an appro-
        priation of over $3,000,000[1]  for 'Consumable

---

1/  $3,698.090 is the exact amount appropriated for fiscal
    year 1971.

-5660-

> supplies and materials, current and recurring
> operating expense and capital outlay.'  On
> page III-39 of this appropriation, it is
> stated:  '"Consumable supplies and materials,
> current and recurring operating expense and
> capital outlay" shall include expenses for
> tax enforcement purposes, court costs, . . .'"

At the outset, we have assumed that the court costs in
question were incurred in tax suits instituted by the Attorney
General at the request of and on behalf of the Comptroller of
Public Accounts.  This we do because the law is well settled
that an appropriation for a given purpose is valid only if
made in pursuance of a valid statute.  We deem it unnecessary
to enumerate the various State tax statutes[2] which impose the
duty of enforcing and collecting State taxes upon the Comptroller
and require the Attorney General to bring suit when necessary
for such enforcement and collection.

It is true that the situation which you have presented
by your request is unique in Texas history in that never before
has a Governor of this State vetoed in toto a court costs item
in the general appropriation for the Attorney General's Office;
and that but for such veto, the payment of the court costs in
question would also be authorized under this vetoed item.  How-
ever, the Legislature additionally authorized payment of the
costs in question by including "court costs" in the above
quoted portion of the general appropriation for the Comptroller's
Department.

The Comptroller of Public Accounts has a mandatory duty
to collect delinquent taxes, and those which require court
action are collected by the filing of suits by the Attorney
General of Texas at the specific request of the Comptroller.

---

2/  Vol. 20A, Taxation-General, V.A.C.S.

A necessary incident to the filing and disposition of any suit by the State of Texas as a plaintiff is that the State cast off its robes of sovereign immunity and stand in court as any other party or litigant.[3] As a party to a civil suit, the State of Texas is liable for the costs taxed against it as would be any other party to the suit.[4] The Texas Rules of Civil Procedure, Nos. 125 and 127, requiring that the parties pay the court costs taxed against them, have the same force and effect as a statute.[5] And while no security for costs[6] is required of the State, this does not lessen the duty of the State as a plaintiff to pay its costs where the costs are taxed against it.

The situation here presented is one where court costs would have been payable out of either the Attorney General's funds or those of the Comptroller, but for the Governor's veto

---

[3] 52 Tex.Jur.2d, State of Texas, Section 58, page 777; Schleicher Co. v. Hudgens, 255 S.W.2d 927 (Tex.Civ.App. 1952); Harris v. O'Connor, 185 S.W.2d 993 (Tex.Civ.App. 1944, ref. w.o.m.

[4] Texas Company v. State, 281 S.W.2d 83 (Tex.Sup. 1955); 15 Tex.Jur.2d, Costs, Sec. 3, page 6 and Sec. 13, page 21; Rules 125 and 127 (Texas Rules of Civil Procedure; Dupree v. State, 107 S.W. 926 (Tex.Civ.App. 1908, no writ hist.) Malone v. State, 107 S.W. 927 (Tex.Civ.App. 1908, no writ hist.); Reed v. State, 78 S.W.2d 254 (Tex.Civ.App. 1934, writ dism.).

[5] Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428 (Tex.Sup. 1959); Pearl Assur. Co. v. Williams, 167 S.W.2d 808 (Tex. Civ.App. 1943, no writ hist.)

[6] Art. 2072, V.C.S.

of the Attorney General's court cost item, and the veto of the one by the Governor did not prevent the payment of court costs by the administrative agency, the Comptroller in this instance. Attorney General's Opinion No. M-1105 (1972).

It is the opinion of this office that payment of court costs due Travis County for the filing of delinquent tax suits could and should be paid by the Comptroller if he has sufficient unencumbered funds in his appropriation to pay such costs.

You are therefore advised that it is the opinion of this Office that the Comptroller should pay court costs incurred by the Attorney General in State tax cases from funds appropriated to his Department by Item 17 of the current General Appropriation Act.

### S U M M A R Y

The Comptroller of Public Accounts is authorized, and it is his duty, to pay court costs for State tax cases prosecuted by the Attorney General at the request of the Comptroller, such payment to be made under Item 17, ch. III, p. 36 of the current General Appropriation Act, or other appropriate fund.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John R. Grace
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James Quick
Roger Tyler
Gordon Cass
Bill Campbell
John Banks

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant