JOEL SPENCER v. CHRISTOPHER C. MILLICAN ET UX.

Where S. executed a promise to pay money received from the guardian of his grandson, and, the grandson having died, leaving no heir but his mother, the right of property and action was cast upon the mother as effectually as if the paper had been assigned to her, and she, joined by her husband, had the right of action.

Where the charge of the judge was correct, the court refused to disturb a verdict which seemed to be against evidence, there being other equities which might have been replied.

ERROR from Brazoria. The case was tried before Hon. BENJAMIN SHROPSHIRE, one of the district judges.

On the 17th of April, 1858, Joel Spencer received from "Lewis J. Banton, guardian of Glover Banton," an accept-

xxxi—5

ance for $831 55, for which he executed his receipt, promising to pay ten per centum per annum interest. Glover Banton having died and left no heir but his mother, she, joined by her husband, sued Spencer on this receipt for the money collected on the draft.

The defendant plead payment, and set out sundry items as having been paid for her use. The plaintiff admitted the payment of $100; but refused to allow the store accounts and doctor's bills alleged to have been paid for her.

The defendant admitted the right of action of the plaintiff as heir of her son and his receipt of the money. The controversy was about two small accounts, one for medical services to the plaintiff and her child and negroes, and the other for merchandise which the defendant had paid for his daughter, she having ordered them to be charged to her father, and referred the parties to him for the payment. The plaintiff was at the time a widow, and lived with her father, with her child and servants. Although it was not plead, the jury possibly took into consideration the services of the negroes and refused to allow these payments, and the district court refused to disturb the verdict.

The arguments were upon the facts of the case, and exclusively confined to the question as to whether the jury should have allowed the credits claimed for moneys paid by defendant.

*Munsen & Garnett*, for plaintiff in error.

*A. P. McCormick*, for defendant in error.

MORRILL, C. J.—This was a suit by Mrs. Millican to recover a debt due from Spencer to a son of Millican, the son having died intestate and while a minor, leaving neither brothers, sisters, wife, children, nor father. Spencer assigned as error the legal incapacity of the mother to bring suit.

The statutes provide that, in cases like the one under consideration, the mother shall inherit the estate, therefore on the death of her son the claim was cast upon her by the law, and this assignment was as effectual to pass the chose in action as any other provided by the statutes. No one but the mother, on the death of her son, had any right, title, or interest to the debt, and Spencer was not bound to pay it to any other person.

The second ground, charging error of the judge, does not lie. The judge very properly charged the jury to find for the defendant in discount or set-off of the claim of plaintiff all such sums as the testimony showed that Spencer had paid plaintiff.

The matter in controversy was entirely a question for the jury, and the testimony authorizes the rendition of their verdict, which will not be interfered with. The judgment is

AFFIRMED.