### O. C. (RED) MOORE v. THE STATE.

No. 3769.   Decided November 24, 1915.

**1.—Adultery—Evidence—Declaration of Third Party.**

Upon trial of adultery, it was reversible error to admit the acts and declarations of third parties with reference to a divorce suit in the absence of the defendant, and without showing that defendant was connected with same.   Following Spencer v. State, 31 Texas, 65, and other cases.

**2.—Same—Rule Stated—Declarations of Paramour.**

The declarations of the alleged paramour made in the absence of the defendant are not admissible in evidence against the defendant.   Following Quinn v. State, 51 Texas Crim. Rep., 155.

Appeal from the County Court of Erath.   Tried below before the Hon. A. P. Young.

Appeal from a conviction of adultery; penalty, a fine of $400.

The opinion states the case.

*J. T. Daniel,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of adultery, the punishment for which is not more than $100 and not exceeding $500.   The fine imposed is $400.

Mrs. Clara Henderson, with whom appellant was charged with living in adultery, a married woman, by some peculiar method, was fined only $50 on a plea of guilty.   There is something in the record to indicate that the court for some reason or other believed she was charged with fornication, but the indictment charged she was a married woman, therefore she could not be guilty of fornication.   This is of no peculiar moment in the case.

During the trial various witnesses were introduced narrating facts or statements, declarations, acts and conduct of Clara Henderson with others in the absence of the defendant, as well as the acts and conduct of others, not including Clara Henderson, but with reference to this case, and what she did say, and what the third parties said and did in the absence of defendant, among them the lawyers who brought suit for divorce for Henderson against Clara Henderson, and various and sundry things, which are unnecessary, we think, to narrate, as it would make the opinion long and be of no service either to the jurisprudence or profession.   Objection was urged to all these matters on various and sundry grounds, there being some fifteen to nineteen bills of exception.   The court seemed to think because there was a divorce pending between Mrs. Clara Henderson and her husband, in which she was defendant, that, therefore, all these acts and declarations on the part of Mrs. Clara Henderson and the attorneys of her husband, who brought suit for divorce, as well as other parties, were admissible against the

·defendant. This is not the law. Acts and conduct of third parties, in the absence of defendant, with reference to this adulterous transaction, were not admissible because the husband of Mrs. Clara Henderson had sued her for divorce. Those matters may have been worth something and admissible or not, according to the facts and circumstances that may have been developed in the divorce proceeding, but this was not a divorce proceeding. Appellant was charged with and was being tried for adultery. The acts of third parties in the absence of the defendant with reference to these matters, without his being in some way connected with same—and that is not shown or attempted to be shown,—are not admissible against him. The qualification of the judge rather intensifies the error, for he seems to think all these hearsay matters were admissible because the husband of Mrs. Clara Henderson had sued her for divorce. For authorities see Branch's Crim. Law, sec. 21. One quotation from Mr. Branch will illustrate: "Declarations of alleged paramour made in absence of defendant are not admissible against the defendant." Spencer v. State, 31 Texas, 65; Quinn v. State, 51 Texas Crim. Rep., 155. But a proposition of this sort, it would seem, ought not to call for authorities. What has been written has been written without taking into consideration each particular bill, there being nineteen of these bills, but they are all practically to the same effect, and those bills that do not bear directly upon the question are somewhat of a kindred nature, and the trial court will understand from what has been said that all those matters are not admissible. The defendant is entitled to a trial on the testimony which proves or disproves his adulterous intercourse with the alleged paramour. The acts and conduct of third parties and the attorneys of her husband, in the absence of the defendant, without connecting him with them in some way, are clearly illegitimate.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*