RITA FRANCES KALINOWSKI, an Infant, by JOHN KALINOWSKI, Her Guardian ad Litem, Respondent, *v.* TRUCK EQUIPMENT Co., INC., Appellant, Impleaded with ROCK ASPHALT & CONSTRUCTION Co., INC., Respondent.

JOHN KALINOWSKI, Respondent, *v.* TRUCK EQUIPMENT Co., INC., Appellant, Impleaded with ROCK ASPHALT & CONSTRUCTION Co., INC., Respondent.

Fourth Department, January 4, 1933.

*Martin H. Buecking,* for the appellant.

*S. H. Millener,* for the respondent Rock Asphalt & Construction Co., Inc.

*Philip Halpern* of counsel [*William J. Brock* with him on the brief], for the respondents.

TAYLOR, J. The complaint alleges that defendant Truck Equipment Co., Inc., did work upon a truck belonging to the other defendant. A new body, a new rear axle and new wheels were supplied and such a transformation made that the finished vehicle was a rebuilt truck rather than a repair job. Later on while the truck was being driven on the street by its owner the rear axle broke, a wheel came off, ran up over a curb to the sidewalk and against plaintiff Rita Kalinowski, causing her physical injuries. She has sued both the Truck Equipment Co., Inc., and the truck owner. Defendant truck company has moved unsuccessfully for an order striking out paragraph eighteenth of the complaint and for an order dismissing the complaint on the ground that it does not state a cause of action against the moving defendant. Of the several contentions made against the sufficiency of the complaint we regard only one as of serious importance. That is the claim that, if negligence in the truck repairer be granted, no legal rights accrue to the plaintiff against appellant in the circumstances presented.

Plaintiff originally sued the truck owner alone. An order bringing in the Truck Equipment Co., Inc., as defendant upon motion of the owner-defendant was reversed here by a divided court as a matter of discretion. (235 App. Div. 657, 658.) That suit was discontinued and the instant action started.

In *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382) and *Smith* v. *Peerless Glass Co.* (259 id. 292) it was decided that the manufacturer of an article to be sold by a retailer for general use could be held liable for injuries caused to any user of the article whose use could reasonably have been anticipated by the manufacturer. The trend of these opinions was furthermore to the effect that the same principle applied as well to manufacturers of component parts of an article of commerce as to the manufacturer of the complete article. The defendant Truck Equipment Co., Inc., upon the alleged facts, is without doubt in the same situation as was the defendant Buick Motor Company in the cited case. (See American Institute of Law, Restatement of the Law of Torts, Tentative Draft, No. 5, § 274.) The *MacPherson* and *Smith* opinions have announced an extension of the applicability of proximate causation beyond those having contract relations with the offender to those whose use of the article causing injury is fairly to be foreseen. We are asked to go further — to say that it is a fair jury question whether this truck repairing company was bound to appreciate that a broken truck axle resulting from the company's failure to use proper material or to do proper work or to make proper inspection was reasonably likely to cause injury to lawful users of the streets,

those whose presence "in the vicinity of the proper use" of the truck was a matter of reasonable anticipation — and whether the repairer can be held liable for injuring such person "in the vicinity." An affirmative answer is indicated in section 265 of the "Restatement," *supra.* (*Rosebrock* v. *General Electric Co.*, 236 N. Y. 227; *Hopper* v. *Cooper & Co.*, 104 N. J. L. 93; *McLeod* v. *Linde-Air Products Co.*, 318 Mo. 397; 1 S. W. [2d] 122.)

This step beyond the literal application of the *MacPherson* and *Smith* opinions takes us no deeper into a region of doubt as to tort liability than do many cases in which recovery in tort has been granted to those whose liability to injury was held reasonably to be anticipated, *e. g., Parnell* v. *Holland Furnace Co.* (234 App. Div. 567; affd., 260 N. Y. 604); *Burrows* v. *Livingston - Niagara Power Co.* (244 id. 548); *DeHaen* v. *Rockwood Sprinkler Co.* (258 id. 350). The situations of this plaintiff and the truck were neither strange nor remote from reasonable expectation — the girl walking along a public sidewalk, the truck being driven along a public street. Negligence (under the pleading) caused the truck to break down. The sequel was something unusual, but was of a type which might be expected. And that is the test. " 'It was not necessary that the defendant should have had notice of the particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye.' " (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339, 344, citing cases.)

That "proximate causation" is difficult to define may be ascertained by reading the prevailing and dissenting opinions in the *Palsgraf* case. What is "reasonably to be foreseen" is also elusive of definition with absolute accuracy and entire comprehensiveness. In his *Palsgraf* dissenting opinion Judge ANDREWS says: "But when injuries do result from our unlawful act we are liable for the consequences. It does not matter that they are unusual, unexpected, unforeseen and unforseeable. But there is one limitation. The damages must be so connected with the negligence that the latter may be said to be the proximate cause of the former." Quoting from Chief Judge CARDOZO: "One who seeks redress at law does not make out a cause of action by showing without more that there has been damage to his person. If the harm was not willful, he must show that the act as to him had possibilities of danger so many and apparent as to entitle him to be protected against the doing of it though the harm was unintended. Affront to personality is still the keynote of the wrong."

We will not attempt to amplify here, or even to specify, all that has been said on this subject by judges, text writers, juridical philosophers and students in the law schools. (See Cornell Law

Quarterly, Dec. 1932, p. 128.) Having carefully considered the question, we decline to hold that a jury may not be permitted to find that a mishap of this character was within the reasonable apprehension of this appealing defendant, that it was a natural result of the negligence alleged.

We appreciate that there is respectable opposition to this view and to the " *MacPherson* view." (See, for example, the elaborate opinion in *Huset* v. *Case Threshing Machine Co.*, 120 Fed. 865.) This opposing view is based upon lack of privity and upon the argument that to adjudicate liability in cases not founded upon contractual rights would subject manufacturers and independent contractors to such risks as to be unreasonably burdensome and would alarmingly increase litigation. Absence of " privity " is not necessarily fatal. (*Wilson* v. *Costich Co., Inc.*, 231 App. Div. 346; affd., 256 N. Y. 629.) And the right of an individual to be immune from injury to his person or property through tortious conduct of another person should not be made to depend upon considerations like business prosperity or promotion of judicial ease and inactivity.

" If one is negligent * * * [and] as a result thereof and in immediate sequence therewith some other event occurs which would not have occurred except for such negligence, and if injury follows, such a one is responsible." (*Maloney* v. *Kaplan*, 233 N. Y. 426, 429.) In *De Haen* v. *Rockwood Sprinkler Co.* (*supra*) the opinion deals with a statutory safeguard against hazards. The arguments there presented apply in principle as well to common-law shields against risks. There it is said (258 N. Y. 355), " the sequence of events may help to fix the limits of a purpose that would be obscure if viewed alone. A safeguard has been commanded, but without distinct enumeration of the hazards to be avoided. In the revealing light of experience the hazards to be avoided are disclosed to us as the hazards that ensued."

True, " the range of reasonable apprehension is at times a question for the court, and at times, if varying inferences are possible, a question for the jury." (*Palsgraf* v. *Long Island R. R. Co., supra*, 345.) In our judgment, in the instant situation, varying inferences are possible and a jury should be permitted to say whether or not the injury to plaintiff was in " immediate sequence " with the breaking of the axle, whether the " hazard that ensued " to plaintiff was a " hazard to be avoided " by defendant Truck Equipment Co., Inc.

Paragraph eighteenth alleges that the " truck was an inherently dangerous article or mechanism." Perhaps, as appellant claims, such a vehicle would not ordinarily be thus characterized. It may well be, however, that this allegation refers to the truck after it had been negligently reconstructed. At any rate, a motion on the pleadings, not the merits, is here involved, and we shall not

limit the pleader by drawing " subtle distinctions   *   *   * between things inherently dangerous and things imminently dangerous," nor make the case turn now upon " verbal niceties." (*MacPherson* v. *Buick Motor Co.*, *supra*, 394.)

The order should be affirmed, with ten dollars costs and disbursements.

All concur.

In each case: Order affirmed, with ten dollars costs and disbursements.