[Civ. No. 11653.   First Dist., Div. Two.   Feb. 10, 1942.]

ROSEMOND T. DE HART et al., Respondents, v. JOE ALLEN, Appellant.

Ernest Spagnoli and Walter F. Lynch for Appellant.

Carl E. Day and Abraham Setzer for Respondents.

NOURSE, P. J.—In an action for damages for breach of a lease plaintiffs had judgment from which the defendant has appealed.

Prior to July 3, 1931, the defendant leased premises from the predecessor in interest of these plaintiffs for the purpose of conducting a "bootleg place" for the unlawful sale of intoxicating liquor. On that date he offered to renew the lease for the same purpose and the then owner agreed to these terms and entered into a written lease with the defendant whereby she let the premises for a period of five years ending August 1, 1936, at a monthly rental of $250. In November, 1933, following the repeal of the constitutional amendment prohibiting the sale of intoxicating liquor, defendant informed the lessor that he would abandon the business in which he was engaged and, with the written consent of the lessor, he assigned the lease to one Gammons and took from the lessor a satisfaction of a chattel mortgage which defendant had given as security for the payment of rentals due under the lease. The full rent for December, 1933, and January 1934, was paid, but Gammons paid but $50 for February, 1934, and vacated the premises during that month. At sometime during this period the lessor deceased and the plaintiffs herein succeeded as heirs to the interest. We therefore refer to them interchangeably as plaintiffs, lessors and landlords. After the default of Gammons the plaintiffs sued defendant in three separate actions in the municipal court for the rents due for February to May inclusive and secured judgments, which have been paid except that for the month of May. The premises remained vacant until October, 1934, when the plaintiffs re-entered and executed a new lease to a third party at a monthly rental of $125 for a term of years extending beyond the term of the lease to defendant.

The present action was commenced after the termination of the original lease and sought recovery for the loss of rents for the months of June to September, 1934, inclusive, at the charge fixed in the lease, and for the remainder of the term at $125 a month. Judgment went for plaintiffs on this basis for the months of August and September, 1934, and for the sum of $125 for the following months of the unexpired term.

The appellant urges five separate grounds for a reversal of this judgment, some of which are divided into separate points of attack. We will endeavor to treat them in the manner stated. It is argued that there is a failure of proof of the allegations of the complaint because the appellant is charged with abandonment and the evidence shows that the assignee of the lessee abandoned. The appellant relies upon the evidence that the lessor gave her written consent to the assignment of the lease and that he had retired by agreement long prior to the actual abandonment of the lease; also that the full rental was paid for at least two months by the assignee and accepted by the lessor. But the respondents answer that the appellant in fact abandoned the lease prior to the assignment when he gave notice that he would not continue longer, but was going into the brewery business. They argued that consent to the assignment was forced upon them by these circumstances and was not freely and voluntarily given. The trial court found that the allegations of the complaint were true—that in December, 1933, the appellant "repudiated said lease and abandoned said premises." Though respondents' evidence is extremely weak, we are not able to say that the trial court could not draw the inference from all the facts and circumstances that appellant did in fact intend to abandon the lease when he made the assignment to an irresponsible assignee, and that such assignment was but a subterfuge to enable appellant to withdraw from the premises. But the undisputed evidence is that the premises were not abandoned at the time found by the trial court, either by the lessee or by the assignee, that the assignee was then in possession with the consent of the lessor who received the full rent called for under the lease for two months after the alleged date of abandonment.

It is argued that there was a surrender of the original lease because of respondents' failure to give notice to the assignee or to the original lessee of their intention to relet the prem-

ises for his benefit. The complaint alleged that the respondents notified appellant in writing, on July 18, 1934, that they would relet the premises for the benefit of appellant and hold him for any deficiency in rent. The trial court found the allegation true. Appellant contends that the finding finds no support in the evidence. He points to the testimony of one of the respondents when asked if she gave such notice to appellant. She answered, ''no.'' When asked if she gave such notice to the assignee of appellant she answered, ''You will have to take that up with . . .'' (her agents) When the agent was called and asked the same question he answered, ''I personally did not.'' He was instructed to examine the books of the agency and to report back to the court if they disclosed that such notices were given. He failed to report to the court, and no other witness testified that any such notice was given to the appellant, or to his assignee in possession, and no evidence of such notice was produced. Respondents apparently concede that this is a correct statement of the record because they do not pretend that any evidence was taken in support of the finding. Their answer is broken into several heads in the nature of excuses for failure to prove the facts alleged which follow the direct statement that such proof was not necessary.

First it is argued that, since the denial of the allegation was in this form: ''not having any information sufficient wherewith to answer'' the allegation must be deemed admitted, because the denial was not based upon lack of belief as well as lack of information. Cases are cited holding that such a denial is insufficient, but they are not applicable here because the case was tried on the understanding of the parties that the denials were sufficient to raise the issue; the issue was in fact raised; and the evidence on that subject was taken without objection.

Next it is argued that the institution of the three successive suits for rent against Allen in the municipal court was sufficient notice. These suits were brought to recover rent for the months of February, April and May, 1934. The only record of any of these actions which appears in the transcript is the reporter's transcript in case No. 63,309 which discloses that a trial was had in March, 1934. It does not appear when the other actions were tried, but the parties agree that they were brought to recover rents due for April and May of that

year. The premises were relet in October 1, 1934, and that, presumably, is the date when the respondents took possession and asserted the right to hold appellant in damages. We are unable to follow respondents' argument that these actions were proof of the notice alleged in paragraph five of their complaint. To the contrary they would appear to be notice to appellant that respondents still held him to be primarily liable under the lease and that they had no intention of retaking the premises or of releasing him from any of the obligations under the lease.

Finally it is argued that under the specific terms of the lease no notice was necessary. Portions of the lease are cited providing that if the lessee should default or abandon the premises "it shall be optional with the lessor to relet the said premises" and hold the lessee for any deficiency. Cases are then cited to the general purport that, when the lease specifically so provides, the lessor may take possession upon the default and abandonment of the lessee and maintain an action for the difference between the rent fixed in the lease and the sum received from a reletting. There is no quarrel with respondents on this score. The rule of these cases is freely admitted, but none has any application to the point at issue which is the failure to give notice.

Before discussing the cases cited by appellant on this point it is well to restate these pertinent facts: In December, 1933, the respondents gave their consent in writing to the assignment of the lease to Gammons: thereafter they accepted rents for three months paid either by Gammons, or in his behalf; they then sued appellant for three succeeding months' rent on his primary liability; in October, 1934, they reentered, without demand or notice to either Allen or Gammons, and relet the premises to a third party for a period beyond the term of the original lease. The case of *Welcome* v. *Hess,* 90 Cal. 507 [27 Pac. 369, 25 Am. St. Rep. 145], is closely related in its facts. There the plaintiff leased to defendants for five years, defendants took possession and paid rent for eight months, when they abandoned. Two months later, without notice, plaintiff took possession and relet for a new term of five years, which ran beyond the original term. In the action for damages because of the abandonment it was held that these acts of the lessor constituted an acceptance of the surrender of the lease. At page 514 the court says: "In taking possession the landlord did not announce his intention to continue to hold

the tenants. He relet without notifying the defendants that he should do so on their account. He relet for a period longer than the remainder of their term; thus showing plainly that he was acting in his own right, and not as their self-constituted agent. Under such circumstances, he cannot say that he did not accept the surrender.''

The rule of the case is followed in *Rehkopf* v. *Wirz*, 31 Cal. App. 695, 696 [161 Pac. 285], where it is said: ''But a lessor who chooses to follow that course must in some manner give the lessee information that he is accepting such possession for the benefit of the tenant and not in his own right and for his own benefit. If the lessor takes possession of property delivered to him by his tenant and does so unqualifiedly, he thereby releases the tenant.'' These cases are cited with approval in *Bernard* v. *Renard*, 175 Cal. 230, 233 [165 Pac. 694, 3 A. L. R. 1076], and we have been directed to no authority holding to the contrary.

A close examination of the record here shows that the respondents fully intended to surrender the lease when they took possession in October, 1934. The undisputed evidence is that the premises were leased at an excessive rental for the purpose of conducting a place for the sale of ''bootleg'' liquor; that the reasonable rental for the premises was $125 a month, or just one-half of that called for in the lease; that, when the prohibition amendment was repealed and ''bootlegging'' was no longer profitable, appellant told the lessors that he would have to quit; that the lessors thereupon voluntarily accepted a new tenant, and released appellant's chattel mortgage which was their only security for payment of the rent; that, when the new tenant failed to pay the rent, the lessors were forced to sue the appellant for three successive months. With these difficulties confronting them the lessors, in October, 1934, relet the premises for a rental of $125 a month, which was the reasonable rental value of the premises, and gave no indication of an intention to hold appellant to his liability under the lease until this action was filed in January, 1940. The respondents do not controvert any of these facts, nor do they deny that, after accepting the rent for the first three months following the assignment to Gammons, they no longer treated him as a party to the lease, gave him no notice of their reentry and reletting, and have not joined him as a party in this proceeding.

Because of these facts, and under the rule of the cases

cited, the judgment must be reversed, and, as a new trial must follow, it becomes necessary to refer to some of the other questions raised in order that the trial may be confined to the proper limits.

The lessors were not precluded from maintaining this action because they "elected to keep the original lease alive by having sued for rents after the assignee, not the lessee, abandoned." The three actions brought for rent were all commenced before the lessors took possession and relet the premises. They were the only form of action which could have been maintained at that time. This action for damages could not accrue until the term of the lease expired. (*Phillips-Hollman, Inc.* v. *Peerless Stages Inc.,* 210 Cal. 253, 258 [291 Pac. 178]; *Dickinson* v. *Electric Corporation,* 10 Cal. App. (2d) 207, 210 [51 Pac. (2d) 205].) There can be no election of remedies when there is but one remedy available. This doctrine rests upon the principle of estoppel, and unless the two remedies are inconsistent and repugnant, and unless unfair or unjust detriment would result from the exercise of both, there can be no estoppel. (*Baumann* v. *Harrison,* 46 Cal. App. (2d) 84 [115 Pac. (2d) 530].)

The question of the legality of the lease because its consideration was for an illegal purpose and against law and public policy is foreclosed by the judgments in the municipal court. Those actions rested upon the lease and the defense of its invalidity was a proper defense. Even though it does not appear that the defense was raised, it could have been, and the issue must here be deemed as *res judicata.* (*Price* v. *Sixth Dist. Agricultural Assn.,* 201 Cal. 502, 511 [258 Pac. 387]; *Andrews* v. *Reidy,* 7 Cal. (2d) 366, 371 [60 Pac. (2d) 832]; 15 Cal. Jur. p. 144.) *English* v. *English,* 9 Cal. (2d) 358 [70 Pac. (2d) 625, 128 A. L. R. 467], upon which appellant so strongly relies, is explained in *Sutphin* v. *Speik,* 15 Cal. (2d) 195 [99 Pac. (2d) 652, 101 Pac. (2d) 497], as an exception to the general rule and limited to default judgments. It has no application here because the former judgments were all actions upon the same contract, or primary liability, which forms the basis of the cause of action in this proceeding.

All that is said on this point applies equally to the defense now raised that the appellant was relieved of all liability under the lease by respondents' satisfaction of the chattel mortgage which he had given as security for payment of the rent charges.

The question of the bar of the statute of limitations as to the sum of $500 representing rent due for the months of August and September, 1934, does not need to be decided. The argument of respondents rests upon the claimed defect in the answer which pleaded section 337 of the Code of Civil Procedure as a bar, without designating the particular subdivision of the section applicable. This may be cleared by proper amendment of the answer if the appellant should then deem the issue to possess merit.

Other questions raised do not require discussion.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 2, 1942.