**STATE v. COMPTON.**
No. 13425.

Court of Civil Appeals of Texas. Dallas.
Oct. 1, 1943.

Rehearing Denied Oct. 29, 1943.

J. S. Kone, of Sherman, and Alexander Gullett, of Denison, for appellant.

A. F. Nossaman, of Sherman, for appellee.

YOUNG, Justice.

This suit involves an automobile, title and possession of which were awarded appellee upon hearing; the main contention here being that the district court had no jurisdiction to hear and determine the issue. Facts antecedent to the controversy are these:

Shortly prior to November 10, 1942, J. H. Walker was arrested in Grayson County by a Control Board Inspector for violation of the State liquor law. Walker was driving the automobile in question at the time and engaged in transporting some ten cases of whiskey. The car was also seized and turned over to the local sheriff to await disposition of aforesaid criminal charge. On November 10, 1942, Walker entered a plea of guilty in the County Court of Grayson County, was fined $100 and costs, and the automobile condemned to forfeiture, under provisions of Art. 666—44, Vernon's Ann. Penal Code. Thereafter, the County Court issued order of sale, directing the sheriff of Grayson County to sell the car in accordance with the statute just mentioned. On November 14, 1942, appellee Compton, through attor-

ney, filed a plea in intervention in the County Court, claiming ownership of the vehicle and alleging that, at time of seizure, it was being driven without his knowledge or consent. Motion was duly filed by Compton for a hearing on the merits of said intervention, which was overruled, the court holding that appellee's claim had been filed too late. From the order refusing to set the plea of intervention, Compton excepted and gave notice of appeal, but took no further steps to perfect the same.

The present suit was then instituted against P. M. Porter, Sheriff of Grayson County, alleging ownership of the seized car, with right of possession or, in the alternative, for the value thereof—$700, as the record discloses. The sheriff answered, disclaiming any interest in the property save as legal custodian under orders of the County Court; and the State of Texas, through County Attorney Kone, then intervened, alleging facts concerning arrest of J. H. Walker, his conviction, seizure of the car, and the County Court order for statutory sale. The State alone has appealed from adverse judgment already noted.

The points of appeal are that the district court has erroneously assumed jurisdiction of the cause: (1) Since the automobile has been heretofore ordered sold by the County Court of Grayson County, under authority of Art. 666—44, Vernon's Ann. Penal Code; and (2) since appellee Compton has already voluntarily submitted himself to the County Court jurisdiction by filing intervention and giving notice of appeal from the action of the court in refusing him a trial thereon (though not perfected).

Article 666—44, Vernon's Ann.P.C., relating to seizure of vehicles used in illegal liquor transportation, is lengthy and need not be quoted; providing in part, however, that "Such officer shall at once proceed against the person arrested and all principals, accomplices, and accessories to such unlawful act, under the provisions of law, in any Court having competent jurisdiction; * * *. The Court upon conviction of the person so arrested shall order the alcoholic beverages disposed of as provided in this Act, and unless good cause to the contrary is shown by the owner, shall order the sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the seizure, and the cost of the sale, shall pay all liens, according to priorities, which are established by intervention or otherwise at said hearing or *in other proceedings brought for said purpose,* * * *." (Italics ours.)

The act does not designate the court where criminal proceedings are lodged as the exclusive forum for adjudication of third party claims to vehicles seized in such connection; and in the recent appeal of Lorance v. State, Tex.Civ.App., 172 S.W.2d 386, we expressly refrained from so holding. The County Court in this instance, having refused intervener Compton the hearing accorded by the new enactment (Sec. 44), appellee very properly turned to his pre-existing or common-law remedy, through the district court.

The record presents no voluntary choice by appellee of the County Court jurisdiction, i.e., an election of remedies; first, because he was refused access thereto as a party, and second, the remedies undertaken by him were not inconsistent but consistent and cumulative. "In that class of cases in which the remedies are not inconsistent but are alternative and concurrent, there is no bar until one of them has been prosecuted to judgment, unless the plaintiff has gained an advantage or the defendant has suffered a disadvantage." 18 Am.Jur., Sec. 13, p. 137; Rick v. Farrell, Tex.Civ.App., 266 S.W. 522; Bankers Life Co. v. John E. Quarles Co., Tex.Civ.App., 88 S.W.2d 613, affirmed in 31 Tex. 65, 112 S.W.2d 1044.

Furthermore, Sec. 44 is seen to be remedial in nature, relative to persons and property rights affected thereby; and is presumed to be additional to those remedies already existing at common law, unless a clear intent is expressed to make the statutory remedy exclusive. And "* * * where a new remedy is provided by statute for an existing right and it neither denies an existing remedy nor is incompatible with its continued existence, the new remedy is regarded as cumulative, and the person seeking redress may adopt and pursue either remedy at his option." 18 Am.Jur., supra, Sec. 15, p. 139.

Under the principles thus briefly referred to, with which the terms of § 44 are entirely consistent, we conclude that the trial court correctly assumed jurisdiction of appellee's claim; with resulting affirmance of the judgment below.

Affirmed.