**GRISWOLD v. DIXIE FOUNDRY CO., Inc.**

Civil Action No. 1212.

District Court, E. D. Tennessee, S. D.
July 20, 1948.

John J. Hooker, and Joe Brown Cummings, both of Nashville, Tenn., for plaintiff.

Mayfield & Mayfield, of Cleveland, Tenn., and Spears, Reynolds & Moore, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

The defendant has a motion (1) to require plaintiff to declare whether he intends his suit to be one upon contract or one upon tort, and (2) to dismiss by virtue of certain Tennessee statutes.

The second ground of the motion will be first considered.

The plaintiff, as an inventor, entered into a contract with the defendant, a manufacturer, whereby the defendant would manufacture certain patented articles upon royalty basis. On the charge that the defendant has failed to comply with the contract, the plaintiff claims damages.

Jurisdiction arises by virtue of diversity of citzenship, the contract above mentioned was made in Tennessee, and it is Tennes-

see law defendant relies upon as a bar to the relief sought.

■ Therefore, this Court is obliged to determine the case under the laws of Tennessee. But all seem to be in agreement that there is no court construction or decision of the statutes upon which the defendant relies concerning the defense here made.

■ Under these circumstances the Court must venture to consider what the highest Tennessee court will do when this question is presented. Meredith v. City of Winterhaven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9; Cooper v. American Airlines, D.C., 149 F.2d 355.

The defense made is under the provisions of Sections 7522 and 7523 of the Tennessee Code. The pertinent part of these statutes sets out that when a note or other legal security is given in the purchase of patent rights, or any interest therein, the purchaser shall have the option when such note or written security becomes due, or is sued on, to return the property so purchased as a full satisfaction of such note or other written security. The defendant says it has returned to the plaintiff whatever it acquired under the contract.

After an attentive study of the case, the briefs and other authorities, I deem it unnecessary to undertake to determine whether the contract amounted to "the purchase of patent rights, or any interest therein."

■ The contract is, in my opinion, a license and not an assignment, grant or a sale of the patents. The inventor agrees to do a number of things concerning the contract which would render the instrument nugatory at the election of the defendant should the plaintiff fail to carry out his obligations. The contract particularly provides that the plaintiff will defend the patents against infringements and unfair competition. The contract further provides that it may be terminated by mutual consent. Very obviously the parties had no intention of conveying title. To say the least of it, the whole contract is executory.

■ In the case of Cohn v. Lunn, 133 Tenn. 547, 552, 182 S.W. 584, 585, the Court said, "We are fully aware of the fact that the evil sought to be remedied by the Legislature was the practice of frauds by wandering vendors of patents and interests in patents."

■ In view of the fact that these Tennessee statutes use the words "purchase" and "purchaser," and taking the tenor of all the provisions, and considering the purposes of the statutes as indicated by the above quotation, I am of the opinion that these statutes are only applicable to executed contracts and not to executory contracts. I think they apply only when some patent right, or interest therein, is sold for a present consideration and an evidence of the indebtedness made at the time.

This idea is carried out by considering that in an executory contract should there be wrongdoing the person imposed upon could get relief without the aid of the statutes, whereas in an executed contract the situation would be different.

I understand the practice is that inventors generally are not able to finance the production of the articles resulting from their novel ideas, but give a license for some person financially and otherwise able to do so upon a royalty basis. If the defendant's notion of a proper construction of this Tennessee statute were true, such arrangements could not be enforced in Tennessee.

■ Therefore, I venture the opinion that this Tennessee law is not available as a bar to this suit.

The first grounds of the motion ask that the plaintiff elect as to whether the relief sought is upon contract or tort.

■ I am of the opinion that no election is required at this time. Rule 18(a), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

The action appears to be for breach of contract, but if it should later develop that in the interest of fairness to the defendant an election be required, such action can be taken.

For the reasons above stated, the defendant's motion is overruled.

Order accordingly.