## VROOMAN v. BEECH AIRCRAFT CORP.
### No. 4048.

United States Court of Appeals
Tenth Circuit.
June 26, 1950.

480

Joseph H. McDowell and Harry Miller, Jr., Kansas City, Kan., for appellant.

Lawrence Weigand, Wichita, Kan. (Dwight S. Wallace, Daniel M. Moyer, Claude I. Depew, W. E. Stanley, William C. Hook and Lawrence E. Curfman, all of Wichita, Kan., on the brief) for appellee.

Before, HUXMAN, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

Claude E. Vrooman, a resident of Missouri, sued Beech Aircraft Corporation of Delaware in the United States District court of Kansas, complaining in substance that on October 23, 1947, he and the owner of a Beechcraft Model 53 returned the plane to its manufacturer in Wichita, Kansas advising the Company that soon after the plane was purchased the motor began to miss, throw oil and the spark plugs "fouled"; and, that at the request of the Company the plane was left for "inspection and repair". That on November 3, 1947, the Company delivered the plane to the owner and to the plaintiff, acting as pilot, and impliedly warranted that it was safe to fly. That he had no knowledge of the repairs or inspection performed on the plane, but relied upon the Company for the proper repair and inspection; that the Company negligently failed to properly inspect and repair the plane, proximately causing it to crash while taking off at the St. Joseph County, Indiana, airport on November 8, 1947, as a result of which he sustained personal injuries to his damage in the sum of $50,000.00.

The trial court sustained a motion to dismiss on the grounds that the complaint failed to state a cause of action upon which relief could be granted and entered judgment for Beech Aircraft, from which this appeal is taken.

While the complainant uses language susceptible of an action for a breach of an implied warranty, his brief and argument leave no doubt of his intention to plead a cause of action in tort. Under the rules of simplicity and liberality, upon the observance of which we insist, See Rule 8, F.R.C.P., 28 U.S.C.A., we judge the sufficiency of the complaint as one sounding in tort for the negligence of a manufacturer or repairer. And, since the allegations in the complaint must be taken as true, the sole question is whether Beech Aircraft, as a negligent manufacturer or repairer of the airplane is liable in tort for damages sustained by the pilot when it crashed by reason of such negligence. Otherwise stated, did the manufacturer or repairer owe an actionable duty to this plaintiff to manufacture or repair the airplane with ordinary care and prudence.

The parties have treated the question as controlled by the law of Kansas, where the airplane was manufactured and repaired, rather than by the law of Indiana where the accident occurred. On the theory that Kansas is the place of the wrong and that the law of that State therefore determines whether the plaintiff sustained a legal injury, we likewise consider the question as controlled by Kansas law. See Restatement of the Law of Conflict of Laws, §§ 378, 389, 380, and 383.

Although the trial court gave no reason for its judgment of no cause of action, it is apparently based upon the notion that in the absence of some contractual relationship the manufacturer or repairer owed no actionable duty to the injured pilot. This concept of non-liability was spawned in the dicta of a breach of contract case, Winterbottom v. Wright, 10 Mees. & W. 109, 152 Eng.Reprint 402, and nourished in the perpetuation of the false notion that privity of contract is an indispensable prerequisite to a manufacturer's actionable duty to third parties. The history and metamorphosis of the so-called "general rule" is vividly portrayed in the recent case

of Carter v. Yardley & Co., 319 Mass. 92, 64 N.E.2d 693, 164 A.L.R. 559, and a comprehensive note, 164 A.L.R. 569.

It seems sufficient for our purposes to state that since MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, 1053, L.R.A.1916F, 696, Ann.Cas.1916C, 440, "If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully." In short, if a manufacturer of a thing is negligent "where danger is to be foreseen, a liability will follow". Foresight of consequences creates a duty, the violation of which is an actionable wrong. The range of duty is measured by that which should be reasonably anticipated or foreseen.

Such is now the generally accepted rule. See Sections 388, 394 and 395, Restatement of the Law of Torts. This rule obtains in Kansas, provided of course that the injured party does not know or have reason to appreciate the danger. See Stevens v. Allis-Chalmers Mfg. Co., 151 Kan. 638, 100 P.2d 723; Spencer v. Madsen, 10 Cir., 142 F.2d 820. See also Restatement of the Law of Torts, Section 388, comment F, page 1043 and comment I, page 1047.

Appellee insists, however that even though the MacPherson rule obtains in Kansas, it has not been extended to apply to a mere repairer, and that under the allegations of the complaint it stands in the position of a repairer, not a manufacturer. The allegations of the complaint are to the effect that the airplane was manufactured by appellee; that when it developed defects it was returned to the manufacturer, and that at its request was left for the purpose of making the necessary inspection and repairs. We think under the complaint appellee stands in the position of a manufacturer as well as a repairer. But even so, the rule of liability has been made generally applicable to one who, as an independent contractor negligently makes, rebuilds, or repairs a chattel for another. See Section 404, Restatement of the Law of Torts; Hudson v. Moonier, 8 Cir., 94 F.2d 132, reversed 304 U.S. 397, 58 S.Ct. 954, 82 L.Ed. 1422, on the grounds that the court had applied general law instead of the law of Missouri; Kalinowski v. Truck Equipment Co., 237 App.Div. 472, 261 N.Y. S. 657.

The Kansas courts have not had occasion to consider the point, but having embraced the general rule stated in Section 388, Restatement of the Law of Torts (Stevens v. Allis-Chalmers Mfg. Co., supra), we have no reason to believe that they would repudiate what seems to be a necessary corollary to that rule. We take it that the Kansas courts would apply the same rule to a repairer that they would to a manufacturer.

The basis of liability is found in the law of torts, and the rules of negligence apply. See Carter v. Yardley, supra; Kalinowski v. Truck Equipment Co., supra. The question then is whether the airplane was defectively made or repaired, and if so whether the manufacturer or repairer had knowledge of the probable danger of such defects and could have reasonably foreseen or anticipated the consequent harm to this appellant. This question may be one of law or fact when the issues are made up, and the evidence adduced. The danger may not have been sufficiently probable; the injury may have been too remote from the risk to be actionable; intervening or superseding agencies may have insulated the manufacturer or repairer's liability. See Gorman v. Murphy Diesel Co., 3 Terry, 149, 42 Del. 149, 29 A.2d 145. But, these are questions which turn upon the facts. We decide the question on the allegations of the complaint.

While the airplane manufactured or repaired is not an inherently dangerous vehicle, it was designed, manufactured and repaired to fly in the air, and unless it is made or repaired without mechanical defects it becomes a thing of danger to all in the range of probable foreseeability. It is not unreasonable to anticipate or foresee

that the plane would be flown by someone other than the immediate purchaser and owner. Indeed, under this complaint it is apparent that appellee knew, or had reason to know, that the plane would be flown by this particular appellant, and that he relied upon Beech's inspection and repairs. It follows that under the allegations of the complaint the appellant was within the range of appellee's duty to exercise ordinary care in the manufacture or repair of the plane. The complaint alleges a breach of that duty and, therefore, states a cause of action upon which relief can be granted.

The case is accordingly reversed and remanded.

Judge HUXMAN concurs in the result.