Gano E. SENTER, d/b/a Denver Sales Company, Plaintiff,

v.

The B. F. GOODRICH COMPANY, Defendant.

Arthur G. STENMAN, Plaintiff,

v.

The B. F. GOODRICH COMPANY, Defendant.

Civ. Nos. 3580, 3702.

United States District Court D. Colorado.

Dec. 18, 1954.

James S. Henderson, Denver, Colo., for plaintiffs.

White & Steele, Denver, Colo., for defendant.

WALLACE, District Judge.

These two cases were consolidated for trial inasmuch as both actions arise out of injuries received by the plaintiffs in an automobile accident which occurred as the direct result of a blow-out of a tubeless tire, manufactured and sold by the defendant company. Mr. Senter, plaintiff in Case No. 3580, was the owner and passenger of the car involved in the accident and Mr. Stenman, plaintiff in Case No. 3702, was the driver of the car at the time of the blow-out.

Both complaints allege two separate causes of action or theories for recovery. The first numbered cause of action in each complaint is pitched in tort, alleg-

ing that the defendant company was guilty of *negligence* in the manufacture of the tire in question. The second numbered cause of action sounds in contract and alleges that the defendant was guilty of a breach of warranty.

 The defendant, just prior to trial and again at the close of plaintiffs' case, moved that the plaintiffs be required to elect the theory on which they would each rely. The Court refused to require an election and entertained evidence relevant to both issues. The defendant in its brief submitted in support of its requested findings of fact and conclusions of law has once again requested that the plaintiffs be required to elect. After carefully reconsidering this issue the Court still believes that plaintiffs should not be compelled to elect. Although doubtless the Court has the authority to require an election prior to trial where a failure to elect would work a hardship on the defendant,[1] the defendant in the instant case was in no way placed at a disadvantage in being required to defend against both theories. The facts pertaining to the purchase of the tire in question, the tire's use and conditions immediately surrounding the blow-out were subject to the same proof under each theory. Only in a limited way was evidence introduced which was solely limited to one of the two alternate theories. Naturally, the evidence tending to establish that the defendant had given an express warranty that the tire would not blow out was not applicable to the charge of negligence. Although Federal Rule 18, 28 U.S.C.A., does not alter the state substantive law which prohibits the simultaneous urging of inconsistent claims, claims whose success is dependent upon the establishing of contradictory facts,[2] the flexible federal

1. Cf. Drury v. Armour & Co., 1919, 140 Ark. 371, 216 S.W. 40, where it was held not to be error where state district court had required an election between breach of warranty and negligence where unwholesome food was involved.

2. Claims, or remedies, are inconsistent where the assertion of one is based upon

facts which must be repudiated in the assertion of the other. See Fleming v. Dillon, 1938, 370 Ill. 325, 18 N.E.2d 910, 120 A.L.R. 1218; Randle v. Grady, 1947, 228 N.C. 159, 45 S.E.2d 35; Elliott v. Vance, 1940, 239 Ala. 180, 194 So. 515; Kimmel v. Captain, 107 Ind.App. 621, 24 N.E.2d 435. See also the "Test of Inconsistency" set forth in 18 Am.Jur. § 12.

rules of procedure were designed to meet problems identical in principle with the one in issue.[3] A defendant cannot compel a plaintiff to choose at his peril the theory upon which he intends to rely and thereby possibly defeat a recovery where two consistent, concurrent or cumulative theories can be urged without prejudice to the defendant's ability to defend.[4] If an actionable wrong has taken place recovery is to be granted regardless of theory and relief must not be denied through the vehicle of a forced election.[5]

▮▮▮▮ In turning to the merits of the case at bar the Court has concluded that insofar as the plaintiffs' charge of negligence there exists no evidence which justifies a finding that the defendant company in any way failed to exercise due care in the manufacture of the instant tire. Although there is little question in the Court's mind but what the tire in issue contained a latent defect inasmuch as the tire should not and would not have blown out under the then existing conditions had the tire been of the quality ordinarily achieved under the defendant's manufacturing process,[6] there is no evidence that at the time of the construction of such tire the defendant was guilty of negligence either through acts of commission or omission.[7] To hold the defendant company liable under the facts in evidence, apart from warranty, the defendant would have to be regarded as an insurer; and, the defendant owes no such duty.[8]

▮▮▮▮ At the trial of this case all parties assumed that plaintiffs had the burden of proving the defendant's negligence. Not only did the plaintiffs fail to discharge such burden but even had the instant case been categorized as one calling into play the doctrine of res ipsa loquitur the defendant met any such shift of burden by the presentation in

3. Fed.Rules Civ.Proc. rule 18, 28 U.S.C.A., provides in part: "(a) * * * The plaintiff in his complaint * * * may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. * * *" See Griswold v. Dixie Foundry Co., Inc., D.C. Tenn.1948, 79 F.Supp. 79, where inventor suing for damages for noncompliance with contract to manufacture patented articles on a royalty basis was not required, on motion, to elect as to whether relief sought was upon contract or tort, in view of federal rule as to joinder of claims.

4. Where remedies are not inconsistent, but are alternative and concurrent, there is no bar until one of them has been prosecuted to judgment, unless plaintiff has gained an advantage or defendant has suffered a disadvantage. State v. Compton, Tex.Civ.App., 174 S.W.2d 977, affirmed 1944, 142 Tex. 494, 179 S.W.2d 501. Also, cf. Tallent v. Fox, 1940, 24 Tenn.App. 96, 141 S.W.2d 485, where court held that plaintiff in suing for breach of warranty in original warrant, based on delivery of diseased hogs which had been represented to be sound, had not elected his remedy so as to prohibit amending warrant by adding counts for breach of contract, and fraud and deceit, since counts added by amendment were not repugnant or antagonistic. See also De Hart v. Allen, 1942, 49 Cal.App.2d

639, 122 P.2d 273, wherein the court held that the doctrine of election of remedies rests on the principle of estoppel, and there can be no estoppel unless the two remedies are inconsistent and repugnant, and unless unfair or unjust detriment would result from the exercise of both.

5. Even apart from the liberal spirit imbued in the federal rules the doctrine of election of remedies should be applied only to actions taken by same litigant which are necessarily inconsistent, and such doctrine being a severe one should generally, not be extended. Petillo v. Stein, 1945, 184 Md. 644, 42 A.2d 675.

6. The evidence indicates that the tire in question was less than six months old and had less than 9000 miles on it. It appears that the owner of the tire, Mr. Senter, had not abused the tire either through improper inflation or driving at excessive speeds.

7. As mentioned in Coakley v. Hayes, 1950, 121 Colo. 303, 215 F.2d 901, 902: "The burden of proof of negligence rests upon him who asserts it; such burden cannot rest on surmise or speculation or conjecture, but must be grounded on substantial evidence".

8. See Davlin v. Henry Ford & Son, 6 Cir., 20 F.2d 317; and Crigger v. Coca-Cola Bottling Co., 1915, 132 Tenn. 545, 179 S.W. 155, L.R.A.1916B, 877.

detail of the steps pursued at the time the tire in question was produced.[9] The Court was favorably impressed with the defendant's expert testimony dealing with its manufacturing steps and believes that the defendant company in its manufacturing process certainly exercised that degree of care and insight required of any such company.[10]

However, the Court is of the opinion that apart from the theory of negligence, but upon the theory of express warranty, that plaintiff Senter, the purchaser of the instant tire, is entitled to recover for damages sustained by him as a direct result of the blow-out in question. Although the evidence on whether defendant's sales agent in Denver expressly warranted that the tire in question would not blow out, but would "slow-out", is in sharp conflict, the Court believes that defendant's agent, the General Manager of its retail store, did orally expressly warrant to plaintiff Senter that the purchase of defendant's tubeless tire would absolutely protect Senter from the hazards incident to the sudden blow-out.

The defendant company lays considerable stress on the fact that at the time of the purchase in question, that it, as a matter of advertising, national and local, did not represent that the tubeless tire in question furnished protection against blow-outs; and, the evidence submitted conclusively shows that the printed circulars and other written advertisements did not warrant against blow-outs prior to the time the tire in question was obtained from defendant's Denver agent.[11] However, the evidence in its entirety satisfies this Court that defendant's agent, in order to consummate the sale to plaintiff Senter went beyond the defendant's written representations and assured Mr. Senter that defendant's tubeless tires did afford protection against blow-outs. Although the testimony of Senter and defendant's agent are in irreconcilable conflict on the question of express warranty, the circumstances existing at the time of the sale make Senter's testimony, as between the two, more plausible.[12] Senter, in addition to impressing the Court with his general credibility, established beyond question that the protection he was seeking at the time of the tubeless tire purchase was related to the danger incident to the sudden blow-out. He for a number of years leading up to the purchase in question had used a puncture proof tire manufactured by a competitor of defendant, a leading tire company, and was very satisfied with the service received from such tires. It is most unlikely that a man of Senter's ability and experience, a salesman himself, would be persuaded to trade brand new tires for defendant's product, unless, if as Senter testified defendant's salesman did hold out some advantage not offered by other tires then on the market. Senter testi-

9. The doctrine of "res ipsa loquitur" comes into play when the thing which produces an injury is shown to have been under the control and management of the defendant and the occurrence is one which in the ordinary course of events, would not happen if due care had been exercised and the fact of the injury is sufficient to be a prima facie case for plaintiff in the absence of an explanation by the defendant demonstrating that the injury was not due to the defendant's lack of due care. See 20 Am.Jur. § 218. The facts of the instant case do not come within such doctrine for the reason that the mere fact of a blow-out does not make a prima facie case that the tire manufacturer was guilty of negligence.

10. See Maryland Casualty Co. v. Independent Metal Products Co., 8 Cir., 1953, 203 F.2d 838 as to the test to be applied to a manufacturer dealing in inherently dangerous products.

11. Defendant's advertising up through November, 1950, emphasized the tubeless tire's quality in regard to punctures. The tire in question was placed on plaintiff Senter's car either in September or November, 1950.

12. Defendant's sales agent testified that the only representations he made to Senter at the time of the sale were with reference to the *puncture sealant qualities* of the tubeless tire.

fied that defendant's salesman specifically represented that a blow-out, as commonly experienced, could not occur with the tubeless tire and mentioned certain reasons in support of such promise. The sales talk included the assurance that immediately prior to a breaking down of the casing wall which normally would lead to a sudden blow-out, that a lump would form in the tubeless tire giving warning of imminent danger and that the tire would "slowout" but would not blow out. This express warranty by defendant's sales agent induced plaintiff Senter to purchase the original set of tubeless tires and entitles Senter to recover on contract for all damage directly flowing from such breach of warranty when without warning the tire blew out.[13]

Plaintiff Senter, in Case No. 3580 is entitled to receive from the defendant $1,406.25 for automobile damage and $3,593.75 for personal injuries, medical expense, and loss of earnings experienced as a result of the instant blow-out.

 The defendant company is entitled to judgment against plaintiff Stenman for the reason that as between the defendant company and Stenman there exists no privity of contract. Although where a manufacturer of an article which is inherently dangerous, such as the tire in question, is guilty of negligence no privity of contract, based upon a buyer-seller relationship is necessary in order to recover for the manufacturer's negligence, since the action is pitched in tort,[14] where as here the manufacturer is free from negligence and the only basis for recovery is limited to an express warranty, only parties to such war-

ranty have a beneficial interest arising thereunder.[15]

Counsel should submit journal entries which conform with this opinion within fifteen days.

13. Chap. 143A Colo.Stat. (1935) § 12 provides: *"Definition of express warranty.*—Any Affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. * * *"

14. See Vrooman v. Beech Aircraft Corp., 10 Cir., 1950, 183 F.2d 479; MacPherson v. Buick Motor Co., 1916, 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696.

15. See Wood v. General Electric Co., 1953, 159 Ohio St. 273, 112 N.E.2d 8; Jordon v. Brouwer, 1949, 86 Ohio App. 505, 93 N.E.2d 49; Dillon v. William S. Scull Co., 1949, 164 Pa.Super. 365, 64 A.2d 525.