George W. FLOROM,
Plaintiff–Appellant,

v.

ELLIOTT MANUFACTURING, a Nebraska Corporation, and Elliott Equipment Corporation, a Nebraska Corporation, Defendants–Appellees.

No. 86–1656.

United States Court of Appeals,
Tenth Circuit.

July 12, 1989.

James A. Cederberg, Bragg & Dubofsky, P.C., Denver, Colo. (John W. Hornbeck, Bragg & Dubofsky, P.C., Denver, Colo. was also on the brief), for plaintiff-appellant.

John M. Lebsack, White and Steele, P.C., Denver, Colo. (John M. Palmeri, White and Steele, P.C., Denver, Colo., was also on the brief), for defendants-appellees.

Before HOLLOWAY, Chief Judge, MOORE, Circuit Judge, and RUSSELL, District Judge.*

PER CURIAM.

## OPINION ON REHEARING

Upon consideration of the petition for rehearing of defendant-appellee Elliott Equipment Corporation (New Elliott) requesting that the court withdraw and revise its opinion with regard to the duty to warn issue, a response we ordered, and a reply thereto, the petition is denied.[1]

New Elliott argues that the duty to warn theory is based solely on negligence principles and does not arise from strict liability under § 402(A) of the Restatement (Second) of Torts. The plaintiff George W. Florom (Florom) pled and relies upon both negligence and strict liability theories. The Colorado law does not bar relief under strict liability principles for breach of a duty to warn. *Anderson v. Heron Engineering Company,* 198 Colo. 391, 604 P.2d 674, 676–679 (1979); *Union Supply Co. v. Pust,* 196 Colo. 162, 583 P.2d 276, 283–284 (1978); *Hiigel v. General Motors Corporation,* 190 Colo. 57, 544 P.2d 983, 987–988 (1976); *Downing v. Overhead Door Corporation,* 707 P.2d 1027, 1033–1034 (Colo. App.1985); *Hamilton v. Hardy,* 549 P.2d 1099, 1106–1108, 1110 (Colo.App.1976).

According to New Elliott, a duty to warn under strict liability "would apply against New Elliott only if it is found to have agreed to assume liabilities of Old Elliott and, therefore, legally becomes the successor of Old Elliott." Appellee's Reply at 2. We disagree. The duty to warn is an independent duty not determined by the contractual agreement between the predecessor-seller and successor-buyer corporations. L.R. Fumer, M.I. Friedman, *Products Liability,* § 2.06[5] (1988). The duty may arise despite "the nature of the transfer." *Id.*

This case involves a situation where a corporation like New Elliott, which purchased only the assets and not the stock of the predecessor, may establish a special or continuing relationship with the predecessor's customers. *Id.* If such a relationship exists, it may impose a duty to warn and "[t]his rule has been adopted by a number of courts which otherwise adhere to the traditional rule of nonliability for successor corporations." *Id.; see Leannais v. Cin-*

---

* The Honorable David L. Russell, United States District Judge for the Eastern, Northern and Western Districts of Oklahoma, sitting by designation.

1. As noted in our prior opinion, 867 F.2d at 572, Chief Judge Finesilver granted a summary judgment for Elliott Manufacturing Co. (Old Elliott). He also granted summary judgment for Elliott Equipment Co. (New Elliott) in a separate order, 629 F.Supp. 1145, which was appealed.

*cinnati, Inc.,* 565 F.2d 437, 441–442 (7th Cir.1977), *on remand,* 480 F.Supp. 286, 289–290 (E.D.Wis.1979). While our opinion in this case recognized the traditional rule of nonliability of successor corporations, we held that the relationship between Florom's employer and New Elliott raised a genuine issue of material fact as to a duty to warn and breach of the duty. *Florom v. Elliott Manufacturing,* 867 F.2d 570, 576–577 (10th Cir.1989). Plaintiff argues that New Elliott purchased Old Elliott's assets and thereafter established a continuing relationship with Florom's employer while servicing the machine involved in Florom's injuries. From this relationship, Florom argues that a duty to warn arose. This genuine issue of material fact precludes summary judgment on this claim. Under the principles set forth above, and the Colorado Supreme Court's express recognition that recovery for breach of a duty to warn may be had on strict liability principles, *see Hiigel,* 544 P.2d at 987, we held that there is a genuine issue of material fact on the duty to warn claim here. *Florom,* 867 F.2d at 576–577. The petition for rehearing has not convinced us that we should revise our opinion and require that any duty to warn claim be based solely on negligence principles.

Moreover, under Rule 18, Fed.R.Civ.P., "A defendant cannot compel a plaintiff to choose at his peril the theory upon which he intends to rely and thereby possibly defeat a recovery where two consistent, concurrent or cumulative theories can be urged without prejudice to the defendant's ability to defend." *Senter v. B.F. Goodrich Company,* 127 F.Supp. 705, 707–708 (D.Colo.1954); *see also* Rule 318(a), Colorado Rules of County Court Civil Procedure (1970) (adopting Federal Rule 18 on joinder of independent or alternate claims); Fumer, *Products Liability* § 16.02[1] at 16–111, 16–112 (doctrine of election remedies has no place in products liability area as plaintiff should be allowed to submit to the jury all claims on which there is sufficient evidence). There is no evidence of prejudice here. On remand, the plaintiff may pursue duty to warn claims under both negligence and strict liability in tort theories.

Appellee's petition for rehearing is DE-NIED.