

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 11, 1969

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Capitol Building
Austin, Texas

Opinion No. M-469

Re: Whether a commercial feeding lot is obligated to furnish the County Tax Assessor-Collector with a list containing the names of the owners and the number of cattle each owner has placed in the lot as of January 1st of each year.

Dear Mr. Calvert:

Your recent opinion request reads as follows:

"In your recent Opinion No. M-445, dated August 11, 1969, in answer to a question from the County Attorney of Castro County, Texas, you concluded that a custom cattle feeding lot is not a 'place of storage' as such phrase is intended in Article 7243, Vernon's Civil Statutes; and that therefore Dimmitt Feed Yards, Inc., is not obligated to furnish the County Tax Assessor of Castro County a list of the names of those owning cattle located within said lot on January 1 of each year and the number of such cattle, upon demand by such Assessor.

"As stated in said Opinion M-445, the facts giving rise to the opinion request are as follows:

"In January of 1969 the Honorable Kent Birdwell, Tax Assessor-Collector of Castro County, made demand on Dimmitt Feed Yards, Inc., a custom cattle feeding lot situated in Castro County, for a list containing the names of the owners and the number of cattle each owner had located in the Dimmitt Feed Yards, Inc., lot in Castro County as of January 1, 1969. Dimmitt Feed Yards, Inc., after some discussion, agreed to furnish the names of the owners having

- 2339 -

> cattle placed with them on that date
> but would not furnish Mr. Birdwell with
> a list containing the number of cattle
> placed there with them by each owner on
> January 1, 1969.

"We now request your opinion on the following question:

"Under the facts above recited, and assuming that Dimmitt Feed Yards, Inc., is a commercial feed lot having as its primary function the 'finishing out' of cattle for market, is Dimmitt Feed Yards, Inc., obligated to furnish a list to the Tax Assessor-Collector of Castro County containing the name of the owners and the number of cattle each owner has placed in such commercial feeding lot as of January 1st of each year upon demand by the Tax Assessor-Collector, under either Article 7148 or Article 7152(2), Vernon's Civil Statutes?"

We are of the opinion that the provisions of Article 7148, Vernon's Civil Statutes, do not obligate the feed-lot to furnish the list in question to the Tax Assessor-Collector.

Article 7148 reads as follows:

"Any person, co-partnership, association, or corporation, doing business in this State and carrying and possessing any stock of goods of whatsoever nature, shall upon demand by the tax assessor of the county in which such stock of goods is located, furnish said tax assessor with a verified copy of the last inventory of said stock of goods, together with the inventory value thereof.

"The affidavit to the inventory shall state that said inventory includes every article in the stock carried by such person, co-partnership, association, or corporation and that no part of such stock is owned, operated or controlled by any person, co-partnership, association, or corporation other than the person furnishing such inventory.

"Any persons, co-partnerships, associations or corporations who have space leased in which merchandise or any character of business is or was operated on January 1st so making such inventory, shall further state, if such is the case, what persons, associations, co-partnerships or corporations own or control any part of the stock of goods offered for sale and their residence in conjunction with the stock of goods owned by the person, co-partnership, association, or corporation rendering such inventory and not contained in such inventory.

"Any person or agent or representative of such co-partnership, association, or corporation who shall fail to furnish such inventory and information as set forth above upon demand by the tax assessor of the county in which such property is located, shall be subject to all the penalties now existing against any person for making a false rendition of property for the purpose of taxation. Acts 3rd C.S. 1923 p. 172." (Emphasis added.)

Without attempting to dispose of all of the questions that might arise in applying this Article to the facts in your request, suffice it to say that it relates only to a stock of goods offered for sale. As we understand the fact submitted, the cattle in question do not fall in this category.

In construing the similar phrase, "stock of merchandise," as used in an Illinois statute, the Supreme Court of Illinois said:

"The words 'stock of merchandise' in the statute are used in the common and ordinary acceptation of those terms, meaning the goods which a merchant holds for sale, and are equivalent to 'stock in trade' as ordinarly understood among merchants." Charles J. Off & Co. v. Morehead, 85 N.E. 264, 235 Ill. 40; 40 Words and Phrases 309. (Emphasis added.)

There is nothing to indicate that the cattle are offered for sale by the feed-lot, or for that matter anyone, and certainly there is nothing to indicate that the cattle are a part of the inventory of "the stock carried by" the feed-lot.

On the other hand, we are of the opinion that Article 7152(2), Vernon's Civil Statutes, especially in conjunction with Article 7160, does require the feed-lot owner to furnish a list to the Tax Assessor-Collector containing the names of the owners and the number of cattle each owner has placed in the lot as of January 1st of each year.

Article 7152(2) is as follows:

"All property shall be listed or rendered in the manner following:

"(1)  By the owner.  Every person of full age and sound mind, being a resident of this State, shall list all of his real estate, moneys, credits, bonds or stock of joint stock or other companies (when the property of such company is not assessed in this State), moneys loaned or invested, annuities, franchises, royalties, and all other property.

"(2)  As agent.  He shall also list all lands or other real estate, moneys and other personal property invested, loaned or otherwise controlled by him as agent or attorney, or on account of any other person, company, or corporation, whatsoever, and all moneys deposited subject to his order, check, or drafts and credits due from or owing by any person, body corporate or politic." (Emphasis added.)

It follows that as to all cattle controlled by the owner of the feed-lot on account of another, the lists in question should be furnished under paragraph (2) of Article 7152 and all cattle owned by him should be rendered under paragraph (1) thereof. From the facts submitted it is clear that all cattle not owned by the feed-lot owner are controlled by him on account of another person, company or corporation. In State v. Eggerman, 16 S.W. 1067, 81 Tex. 569, the Supreme Court of Texas held that the word "behalf" means in the name of, on account of, benefit, advantage, interest.

Article 7160 further states:

"Persons required to list property on behalf of others shall list it in the same manner in which they are required to list their own, but they shall

list it separately from their own, specifying in each case the name of the person, estate, company or corporation to whom it belongs."

Under Article 7149, the term "person" includes a firm, company or corporation.

Consequently, Articles 7152(2) and 7160 require the owner of the feed-lot to list the cattle owned by others as of January 1st of each year and to list the names of such owners.

## SUMMARY

Under Articles 7152(2) and 7160, Vernon's Civil Statutes, a commercial feed-lot having as its primary function the "finishing-out" of cattle for market is obligated to furnish a list to the Tax Assessor-Collector of the county in which the feed-lot is located, containing the names of the owners and the number of cattle each owner has placed in such commercial feeding lot as of January 1st of each year. However, that obligation does not arise under Article 7148 or Article 7243, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

AW:dc

Prepared by Alfred Walker
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Louis Neumann
John Reeves
Jerry Roberts
Sarah E. Phillips

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant